David TANNENBAUM, Plaintiff,

v.

ENVIRODYNE ENGINEERS, INC., a Delaware corporation, and Henry W. Kissinger, Secretary of State of the United States of America, and Unknown Defendants, Defendants.

No. 84 C 10656.

United States District Court,
N.D. Illinois, E.D.

May 30, 1985.

David Tannenbaum, pro se.

Anton R. Valukas, U.S. Atty. by Thomas P. Walsh, Asst. U.S. Atty., Chicago, Ill., for defendants.

Terry L. Engel, Michael J. Devine, Loren R. Stone, Deutsch, Levy & Engel, Chtd., Chicago, Ill., for defendant Envirodyne.

## ORDER

BUA, District Judge.

Before the Court is the defendant Envirodyne's motion to dismiss for lack of jurisdiction under 28 U.S.C. § 1346(b). For the reasons stated herein, defendant's motion to dismiss is granted.

## I. FACTS

The plaintiff is an engineer. In September 1975 he entered into an employment contract with Westenhoff & Novick, Inc. The defendant Envirodyne is successor to Westenhoff & Novick. The plaintiff was hired to serve as Project Manager for the design and construction of a certain project in the Republic of El Salvador for a period of 18 months beginning in July 1975. Plaintiff alleges that in October 1975, defendant Envirodyne terminated his employment in breach of the terms of that contract.

Plaintiff originally alleged diversity jurisdiction under 28 U.S.C. § 1332. Upon defendant's motion to dismiss for lack of diversity, plaintiff filed his first amended complaint, additionally naming as defendants Henry W. Kissinger, former Secretary of State of the United States, and other unknown persons. He now claims this Court has jurisdiction pursuant to 28 U.S.C. § 1346(b). Defendant Envirodyne again has filed a motion to dismiss based on lack of jurisdiction under the Federal Tort Claims Act, 28 U.S.C. 1346(b).

## II. DISCUSSION

It is well established that federal courts are courts of limited jurisdiction. Regarding claims against the federal government, the court's jurisdiction is conferred by statute. Under the federal statutes, jurisdiction over contract claims against the government is different from jurisdiction over tort claims. Contract claims are covered by the Tucker Act, 28 U.S.C. § 1346(a)(2), which confers upon the Court of Claims jurisdiction over "any claim against the United States ... founded ... upon any express or implied contract with

the United States ... in cases not sounding in tort." The district courts have concurrent jurisdiction over such cases but only when the claim does not exceed $10,000. 28 U.S.C. § 1346(a)(2). Jurisdiction over tort claims against the government is made exclusive to the district courts by 28 U.S.C. § 1346(b). *Woodbury v. United States,* 313 F.2d 291 (9th Cir.1963).

■ As the language of the complaint makes clear, this claim is based in contract and does not fall within the coverage of the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The Tucker Act, 28 U.S.C. § 1346(a)(2), constitutes the sole jurisdictional basis for a suit against the United States sounding in contract, and exclusive jurisdiction is in the Court of Claims if the amount in issue exceeds $10,000. 28 U.S.C. §§ 1346(a)(2) and 1491.

In some instances, a breach of contract can also be treated as a tort. However, in this action plaintiff asserts damages based on breach of contract. It is settled that claims founded upon an alleged failure to perform contractual obligations are not deemed "tort" claims for the purposes of the division between Tort Claims Act and Tucker Act jurisdiction. *Blanchard v. St. Paul Fire & Marine Insurance Co.,* 341 F.2d 351 (5th Cir.1965). Therefore, the Court holds that where, as in this case, the action is essentially for breach of a contractual undertaking and the liability, if any, depends wholly upon the government's alleged promise, the action must be brought under the Tucker Act and not under the Federal Tort Claims Act.

■ Under the Tucker Act, federal jurisdiction to hear plaintiff's action is limited to the Court of Claims because the amount of damages claimed, $30,400, exceeds $10,000. 28 U.S.C. §§ 1346(a)(2) and 1491. This Court is empowered to transfer plaintiff's case to the Court of Claims under 28 U.S.C. § 1406(c). However, plaintiff's amended complaint fails to define a claim against the United States or Henry Kissinger, who is named as defendant. The real parties in interest to the employment contract are plaintiff and defendant Envirodyne. In addition, the underlying employment contract does not name the United States nor Henry Kissinger as a party, and therefore it cannot be considered a government contract on which the United States is liable.

If the plaintiff can allege facts sufficient to support the tenuous connection between Kissinger, AID (Agency for International Development), and Envirodyne on which he rests his contract action, he can bring an action in the U.S. Court of Claims. However, in light of this tenuous connection, the Court declines to transfer the case to the Court of Claims and instead dismisses the case without prejudice to file an action in the U.S. Court of Claims. *United States v. Welborn,* 495 F.Supp. 833, 837 (M.D.N.C. 1980).

### III. CONCLUSION

Since this Court does not have jurisdiction to hear this case under either 28 U.S.C. § 1346(b) or § 1346(a)(2), defendant's motion to dismiss plaintiff's complaint is granted.

IT IS SO ORDERED.