954 F.2d 1142
 Bankr. L. Rep. P 74,425
Douglas D. LUNDSTRUM, Plaintiff-Appellant,
v.
Richard LYNG, Individually and in his capacity as Secretary
of the United States Department of Agriculture; Calvin
Lutz, Individually and in his capacity as Acting Director
for Michigan; Russell Keech, Individually and in his
capacity as District Supervisor; David W. Steeby,
Individually and in his capacity as County Supervisor;
Farmers Home Administration, a division of the United States
Department of Agriculture; and United States of America,
jointly and severally, Defendants-Appellees.
 No. 89-1372.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 17, 1990.
Decided Jan. 7, 1991.*
 
 Paul B. Newman, argued & briefed, Newaygo, Mich., for plaintiff-appellant.
 Donald A. Davis, Asst. U.S. Atty., argued, Edith A. Landman, briefed, Office of the U.S. Atty., Grand Rapids, Mich., for defendants-appellees.
 Before KENNEDY and GUY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Douglas D. Lundstrum, appeals from the dismissal for failure to state a claim and for lack of subject matter jurisdiction of his suit against defendants Richard Lyng, the Secretary of Agriculture; Calvin Lutz, Michigan Director of the Farmers Home Administration (FMHA); Russell Keech, District Manager for FMHA; David W. Steeby, County Supervisor for FMHA; the FMHA itself; and the United States of America. On appeal, the plaintiff argues that the district court erred in its determination that (1) there is no private right of action against the United States for violation of the federal regulations promulgated pursuant to the Consolidated Farm and Rural Development Act (CFRDA), 7 U.S.C. § 1989; (2) the United States is not liable to the plaintiff under any tort theory; (3) the United States is not liable to the plaintiff under Michigan's Good Samaritan doctrine; (4) the United States is not liable to the plaintiff for deprivation of property rights without due process; (5) the individual defendants are not liable to the plaintiff under a Bivens[1] cause of action; and (6) the district court lacked subject matter jurisdiction over the plaintiff's breach of contract claim against the United States. Finding all of the plaintiff's allegations of error to be without merit, we affirm the dismissal of this case.
 
 I.
 
 2
 The plaintiff, Douglas D. Lundstrum, owned and operated a farm in Barry County, Michigan. He borrowed over $300,000 from the FMHA between 1982 and 1986. As part of these transactions, Lundstrum executed promissory notes secured by mortgages on his home and farm in favor of the FMHA, and he granted security interests to the FMHA in his equipment, livestock, supplies, and inventory.
 
 
 3
 On January 16, 1986, the plaintiff was determined to be ineligible for a loan. By a letter dated February 24, 1986, the plaintiff requested approval of the same loan, and he requested retroactive limited resource rates of interest on his loans. The determination of ineligibility was reversed, and all of the plaintiff's FMHA debt was rescheduled.
 
 
 4
 On June 12, 1986, the plaintiff was determined to be ineligible for additional funding, and he again was advised of his appeal rights. In a letter dated September 18, 1986, the plaintiff advised the FMHA that his February 24, 1986, letter was a claim for damages under the Federal Tort Claims Act.
 
 
 5
 On May 19, 1987, the plaintiff filed a voluntary petition for bankruptcy under Chapter 12 of the Bankruptcy Code. The defendant United States filed a proof of claim in that proceeding. The instant action was filed in federal district court on September 1, 1987, and the court granted the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6).[2] This appeal followed.
 
 II.
 
 6
 Upon review of the district court's grant of the defendants' motion to dismiss, we must accept as true all factual allegations in the complaint. Kerasotes Michigan Theatres, Inc. v. National Amusements, Inc., 854 F.2d 135, 136 (6th Cir.1988). As this court has stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted).
 
 
 7
 The majority of the issues presented by the plaintiff in this action are governed by this court's recent decision in Ashbrook v. Block, 917 F.2d 918 (6th Cir.1990), in which we held that similar claims were without merit. Nonetheless, we will address the plaintiff's allegations of error seriatim.
 
 
 8
 The gravamen of the plaintiff's complaint in this case is that the defendants are liable to the plaintiff for failure to comply with regulations promulgated under the CFRDA. These regulations[3] were promulgated pursuant to 7 U.S.C. § 1989, which is the general enabling statute of the Act. The regulations govern loan servicing and counselling by officers of the FMHA.
 
 
 9
 The plaintiff argues that the federal regulations at issue give rise to a private right of action. In Ashbrook, we concluded that no such private right of action exists. After an examination of the enabling statute, 7 U.S.C. § 1989, we concluded that neither the statute nor its legislative history reveal any congressional intent to grant a private right of action. We reach this conclusion by employing the four-part test that was set forth by the Supreme Court in Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975): (1) whether the plaintiff is part of the class for whose special benefit the statute was enacted; (2) whether there is legislative intent creating or denying a private right of action; (3) whether implying a private right of action is consistent with the underlying legislative scheme; and (4) whether the cause of action traditionally has been left to the states, rendering an implicit federal cause of action inappropriate. Id. at 78, 95 S.Ct. at 2088. Because we can find no intent to create a private right of action, the plaintiff's argument for a private right of action fails.
 
 
 10
 The plaintiff maintains that the United States is liable to him in tort. To bring a tort action against the United States, the plaintiff must establish that the United States has waived its sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The United States has consented to be sued in tort under the terms of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq. A prerequisite to suit under the FTCA, however, is the exhaustion by the plaintiff of administrative remedies. 28 U.S.C. § 2675(a).
 
 
 11
 The plaintiff claims that his February 24, 1986, letter constitutes an administrative claim for damages under the FTCA, and that he exhausted his administrative remedies by filing this letter. To satisfy the requirements of the FTCA, the claim must be "written notification of an incident, accompanied by a claim for money damages in sum certain for injury to or loss of property, personal injury, or death." 28 C.F.R. § 14.2(a). The February 24 letter was not a claim for damages under the FTCA; rather, it was a request for a reconsideration of the denial of eligibility for a loan.
 
 
 12
 In addition to being unable to pursue his tort claim against the United States because he failed to exhaust his administrative remedies, we agree with the conclusion of the district court that all of the government's activities fell within the discretionary function exception to the FTCA. 28 U.S.C. § 2680(a). Section 2680(a) reads:
 
 
 13
 The provisions of this chapter and section 1346(b) of this title shall not apply to--
 
 
 14
 (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
 
 
 15
 In Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), the Supreme Court set forth a two-part test for determining whether the challenged conduct falls within the discretionary function exception. First, the federal statute or regulation in question must authorize discretionary action. Second, the "governmental actions and decisions [must be] based on considerations of public policy." Id. at 537, 108 S.Ct. at 1959. A review of the CFRDA regulations indicates that some of them state general mandatory requirements, such as "the County Supervisor will provide credit counselling," 7 C.F.R. § 1924.56, and "the County Supervisor will determine and select the appropriate method of supervision," 7 C.F.R. § 1924.59. However, the defendants have discretion in deciding the means by which to implement these mandatory requirements. In addition, the defendants engage in policy judgments when deciding the most effective and efficient methods to supervise and service FMHA loan recipients. Under the Berkovitz test, then, the defendants are protected by the discretionary function exception to the FTCA.
 
 
 16
 The plaintiff suggests that 11 U.S.C. § 106[4] provides an alternative basis for the waiver of sovereign immunity of the United States. Section 106 provides a limited waiver of sovereign immunity for counterclaims or setoffs filed against the United States in bankruptcy court. When the United States files a proof of claim in bankruptcy court, the debtor may countersue the United States under section 106. See Ashbrook, 917 F.2d at 921-24. Section 106 is inapplicable in the instant case, however, because the plaintiff did not file the instant suit in bankruptcy court. He filed it as a separate action in the United States District Court for the Western District of Michigan. He may not avail himself of the waiver of sovereign immunity provided in 11 U.S.C. § 106. Because we have already concluded that the plaintiff may not pursue his claims against the United States under the FTCA, he has no means of recovering damages against the United States for its alleged tortious conduct.
 
 
 17
 The plaintiff next claims that the defendants are liable to him under Michigan's Good Samaritan doctrine. This doctrine provides that, when an individual undertakes to render services to another, this individual is subject to liability for harm resulting from failure to exercise due care if such failure increased the risk of harm or if harm is suffered because the injured party reasonably relied on the undertaking. Smith v. Allendale Mut. Ins. Co., 410 Mich. 685, 712, 303 N.W.2d 702, 706 (1981). The identical claim was rejected by this court in Ashbrook. The plaintiff has failed to plead an essential element of the doctrine--that he relied on any undertaking by the FMHA or its officers. See Moody v. United States, 774 F.2d 150, 156 (6th Cir.1985), cert. denied, 479 U.S. 814, 107 S.Ct. 65, 93 L.Ed.2d 24 (1986). As in Ashbrook, the plaintiff does not state a claim under the Good Samaritan doctrine.
 
 
 18
 Because there is no basis for a waiver of sovereign immunity in this case, the plaintiff's attempt to state a cause of action directly against the United States for deprivation of property rights without due process also fails. A Bivens action may not be maintained against the United States, Ashbrook, 917 F.2d at 924-25; Birnbaum v. United States, 588 F.2d 319 (2d Cir.1978), and we have already stated that the plaintiff may not recover against the United States under the FTCA.
 
 
 19
 The plaintiff's Bivens action against the individual defendants in this case is identical to that alleged by the plaintiffs in Ashbrook. In Ashbrook, we held that the plaintiffs' claim failed for several reasons, all of which are applicable in the case sub judice.[5] Both the plaintiff here and the Ashbrooks claim that the loan servicing and emergency loan provisions of the CFRDA and its applicable regulations are analogous to the property interest enunciated by the Supreme Court in Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and in Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The argument of the plaintiff is that once a farmer borrows money from the FMHA, he is entitled to loan servicing and emergency loans, and he cannot be deprived of these services without due process of law.
 
 
 20
 This court previously has held that the FMHA's failure to inform a borrower of his or her rights to consolidation, rescheduling, or deferral may not be challenged as a due process violation. Ramey v. Block, 738 F.2d 756, 762 (6th Cir.1984); Ashbrook, 917 F.2d at 924. Similarly, the plaintiff does not possess a protected property interest in additional funding from the FMHA. Id.; DeJournett v. Block, 799 F.2d 430, 431 (8th Cir.1986). Finally, the plaintiff's "broad complaint that FMHA officials failed to provide management assistance and credit counseling pursuant to CFRDA regulations cannot be employed as a catchall basis for a fifth amendment claim." Ashbrook, 917 F.2d at 925. Because the CFRDA regulations are largely discretionary, they do not give rise to an entitlement protected by the due process clause of the Fifth Amendment. Id.
 
 
 21
 Finally, the plaintiff challenges the dismissal of his breach of contract claim for lack of subject matter jurisdiction. Lundstrum alleges that the promissory notes, security agreements, and mortgages he executed to obtain FMHA loans contain provisions incorporating the CFRDA regulations. According to Lundstrum, the defendants breached these contract provisions by failing to provide sufficient loan servicing and supervision under the regulations. The United States Court of Claims has exclusive jurisdiction over contract claims against the United States in excess of $10,000. 28 U.S.C. §§ 1346(a)(2) and 1491; Tannenbaum v. Envirodyne Eng'rs, 609 F.Supp. 931, 932-33 (N.D.Ill.1985). The dismissal of this claim for lack of subject matter jurisdiction was proper.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This decision was originally issued as an "unpublished decision" filed on January 7, 1991. On January 8, 1992, the court designated the opinion as one recommended for full text publication
 
 
 [1]
 Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [2]
 The defendants made an alternative motion for summary judgment. The plaintiff challenges the failure of the district court to apply the proper standards for deciding a motion for summary judgment. Because we affirm the district court's dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(1) and (6), we need not address this issue
 
 
 [3]
 The specific regulations cited by the plaintiff include: 7 C.F.R. § 1924.59 (supervisory powers and responsibilities of the county supervisor); 7 C.F.R. § 1941.16 (purposes for which loans may be made); 7 C.F.R. § 1941.18 (interest rates on loans); 7 C.F.R. § 1951.33 (discretion to reamortize a loan); and 7 C.F.R. § 1951.40 (procedure for reamortization). Sections 1951.33 and 1951.40 currently are not listed in the Code of Federal Regulations
 
 
 [4]
 11 U.S.C. § 106 reads:
 Waiver of sovereign immunity
 (a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.
 (b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.
 (c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity--
 (1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and
 (2) a determination by the court of an issue arising under such a provision binds governmental units.
 
 
 [5]
 We note that even if Lundstrum could state a cause of action for a constitutional tort, the defendants would be entitled to qualified immunity. Ashbrook, 917 F.2d at 925. The alleged constitutional violation for which the plaintiff seeks redress was not clearly established under existing precedent at the time of the defendants' conduct. Anderson v. Creighton, 483 U.S. 635, 639, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)