Patsy WAGNER, Plaintiff,

v.

UNITED STATES of America, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant.

Civ. A. No. 92–420.

United States District Court,
E.D. Kentucky,
Pikeville.

Sept. 16, 1993.

Phyllis J. Pyles, U.S. Dept. of Justice, Torts Branch, Civil Div., Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court on motion of the defendant, United States of America, Department of Housing and Urban Development, [HUD], to dismiss. [Record No. 2]. The parties having fully briefed the issues, this matter is now ripe for decision.

### FACTUAL BACKGROUND

The plaintiff, Patsy Wagner, [Wagner], was the former Executive Director of the Housing Authority of Pikeville. [Authority]. HUD employee Mary Stumler, [Stumler], in September and October of 1990, conducted a management review of the Authority. In October of 1990, HUD issued a report on the administration of the Authority based on its review. Wagner claims that HUD employees were negligent in performing the review and in imposing a Limited Denial of Participation, [LDP], sanction against her.

Specifically, Wagner alleges that HUD employees failed to review existing documentation, adequately interview or consult with Authority officers, ascertain and report the existing condition of the Authority and its management practices, and to make true statements of fact in the review report. Wagner further claims that supervisory personnel in HUD's Louisville Area Office failed to supervise Stumler in the performance of the review and production of the report. Wagner argues that, based on the errors in the review and the report, the HUD Louisville Area Office issued an LDP against her, suspending her for one year from employment or participation in HUD-funded programs in Kentucky. The issuance of the LDP, according to the plaintiff, resulted in her discharge from the Authority.

Subsequent to her discharge, Wagner requested an informal conference to contest the LDP and a formal hearing before a HUD administrative judge. During the LDP hearing, the plaintiff and the defendant entered into an Agreed Order of Settlement and Dismissal. Pursuant to the agreement, HUD lifted the LDP that day, May 9, 1991, and Wagner withdrew her appeal of the imposition of the sanction. The plaintiff now seeks damages for past and future lost wages, pension benefits, health insurance coverage, injury to her professional reputation, emotional and mental distress, and pain and suffering.

### DISCUSSION

For the purpose of clarity, the Court will address the four counts of the plaintiff's complaint separately.

**A. HUD Negligently Conducted and Supervised a Management Review of the Authority and Erroneously Issued Sanctions Against the Plaintiff.**

Count I of the plaintiff's complaint asserts a claim under the Federal Tort Claims Act, [FTCA], 28 U.S.C. § 1346(b), due to the negligent performance of the management review and improper issuance of the LDP. HUD argues that this Court does not have jurisdiction over the claim because the challenged conduct falls within the discretionary function exception to the FTCA and because there is no analogous cause of action under Kentucky law.

The FTCA constitutes a waiver of sovereign immunity. However, the FTCA's waiver of immunity is limited by, among other things, the discretionary function exception codified at 28 U.S.C. § 2680(a). Accordingly, federal courts lack subject matter jurisdiction to entertain claims falling within this exception. *Feyers v. United States,* 749 F.2d 1222, 1225 (6th Cir.1984), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985) (citations omitted). The discretionary function exception of the FTCA provides that,

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or

the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) (emphasis added).

■ The United States Supreme Court has detailed the context in which the discretionary function exception applies. *See United States v. Gaubert*, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988); *United States v. S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984); and *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Initially, the court must determine if the challenged conduct is discretionary in nature. *Berkovitz*, 486 U.S. at 536, 108 S.Ct. at 1958. If an "element of judgment or choice" is involved, the conduct is discretionary. *Id.* Similarly, *Dalehite* held that where there is "room for policy judgment and decision there is discretion." 346 U.S. at 36, 73 S.Ct. at 968. Once the conduct is determined to be discretionary, the court must then decide if the discretion exercised is the kind that the exception was promulgated to protect. *Gaubert*, 499 U.S. at 321–22, 111 S.Ct. at 1273 (citations omitted). For example, whether the discretionary action is "based on considerations of public policy." *Id.*, at 323, 111 S.Ct. at 1274. If the exception applies, even negligence on the part of employees does not create liability; the exception shields the actors' conduct regardless. *Dalehite*, 346 U.S. at 32–33, 73 S.Ct. at 966.

HUD relies on several regulations to support its position that the issuance of the LDP was a discretionary decision. Initially, the very decision of which sanction is appropriate is left to agency judgment, not specified by the regulations. 24 C.F.R. § 24.100 *et seq.* Once the agency decides that an LDP, as opposed to another form of sanction, will be issued, 24 C.F.R. § 24.700 governs. This section specifically states that "the decision to order a limited denial of participation shall be discretionary and in the best interests of the Government." 24 C.F.R. § 24.700. That

language alone reveals that policy determinations such as the "best interests of the government" are left to the discretion of HUD employees. In this context, the "best interests of the government," as summarized by the defendant, involves preventing fraud and waste in public housing.

The issuance of the LDP, according to 24 C.F.R. § 24.705, is to be based upon "adequate evidence" of certain causes, as determined by the issuing officer. The regulations define "adequate" in 24 C.F.R. § 105(a) as "[i]nformation sufficient to support the reasonable belief that a particular act or omission has occurred." Again, the regulation is vesting discretion in agency personnel to formulate and act upon a "reasonable belief." This clearly meets the Supreme Court's interpretation of discretion in *Gaubert* which held that a "discretionary act is one that involves choice or judgment...." 499 U.S. at 325, 111 S.Ct. at 1275. Further, such discretion in sanctioning clearly involves public policy considerations such as ensuring efficient use of public funds while providing adequate public housing.

■ The plaintiff, in fact, concedes that HUD's decision to issue an LDP is discretionary, "[o]bviously, HUD could choose from a variety of sanctions if the facts were adequately investigated. However, HUD did not investigate adequately or report accurately the facts before issuing the Review or LDP." [Record No. 4, 7]. The plaintiff essentially argues that because HUD employees issued the LDP based on what she deems inadequate evidence, they engaged in negligent conduct which is not protected by the discretionary function exception. For support, the plaintiff relies primarily on *Donohue v. United States*, 459 F.Supp. 465 (E.D.Mich.1978). *Donohue*, though factually similar to the case at hand and supportive of the plaintiff's position, conflicts with recent Supreme Court precedent. Also, the plaintiff's negligence theory has been specifically rejected as an exception to the discretionary function exception. *Dalehite*, 346 U.S. at 32–33, 73 S.Ct. at 966.

Wagner distinguishes the Supreme Court cases factually, and argues that they are inapplicable because they involve federal

banking agencies, airline pilots, and military duties, as opposed to HUD suspensions. Regardless of these distinctions, the Supreme Court's analysis of the applicability of the discretionary function exception applies equally in this context. The plaintiff also intermingles an analogy of Kentucky law with her discussion of the discretionary function exception. However, if the exception applies, whether an analogous cause of action exists under Kentucky law is irrelevant.

This Court finds that the discretionary function exception applies to the issuance of an LDP by HUD employees. Accordingly, no jurisdiction lies to consider this count of the plaintiff's complaint. *Id.*, at 24, 73 S.Ct. at 962. Further, because this Court finds that the issuance of the LDP is conduct protected by the discretionary function exception, it need not address the question of whether there exists an analogous cause of action under Kentucky law.

### B. HUD Wrongfully Denied the Plaintiff's Petition for Costs and Attorney's Fees.

Count II of the plaintiff's complaint alleges that, under the Equal Access to Justice Act, 5 U.S.C. § 504, [EAJA], HUD wrongfully denied the plaintiff's petition for costs and attorney's fees in contesting the issuance of the LDP. An administrative judge denied the plaintiff's EAJA petition on June 24, 1991, finding that the EAJA does not apply to LDP cases. Subsequently, the plaintiff timely filed a petition for review with the Secretary of HUD pursuant to 24 C.F.R. § 26.25.

A party desiring review of the Secretary's decision finds recourse in 5 U.S.C. § 504(c)(2). Section 504(c)(2) provides judicial review for a party dissatisfied with the agency's adverse EAJA determination. Specifically, § 504(c)(2) states that an individual may, "within 30 days after the determination is made, appeal the determination to the court of the United States having jurisdiction to review the merits of the underlying decision of the agency." The plaintiff argues that the thirty-day time limit did not begin to run in this instance because she never received notice that the Secretary of HUD declined to review the administrative judge's denial of her EAJA petition. HUD argues that if the Secretary does not respond to the request for review within thirty days, the request was denied and the hearing officer's decision is final.

The plaintiff cites 24 C.F.R. § 14.335 to support her proposition, which states,

(a) Either the applicant or agency counsel may seek review of the initial decision on the fee application, or the Secretary (or his or her delegate, if any) may decide to review the decision on his or her own initiative, in accordance with the Department's review or appeals procedures applicable to the underlying proceeding. If neither the applicant nor agency counsel seeks review and the Secretary (or his or her delegate, if any) does not take review on his or her own initiative, the initial decision on the application shall become a final decision of the Department in the same manner as a decision in the underlying proceeding becomes final. Whether to review a decision is a matter within the discretion of the Secretary (or his or her delegate, if any). If review is taken, the Department will issue a final decision on the application or remand the application to the adjudicative officer for further proceedings.

(b) Either party may seek reconsideration of the decision on the fee application in accordance with Rule 29, 24 C.F.R. § 20.-10.

24 C.F.R. § 14.335 (emphasis added). The plaintiff interprets this section to mean that a decision is final only if review is not sought. She further argues that since she sought review, and the Secretary did not send her any notice of review denial, that the thirty-day limit in § 504(c)(2) for seeking judicial review never commenced.

The defendant, on the other hand, relies on 24 C.F.R. § 24.314, which states,

(c) Finality and Secretarial Review. The hearing officer's determination shall be final unless, pursuant to 24 CFR part 26, the Secretary or the Secretary's designee, within 30 days of receipt of a request decides as a matter discretion to review the finding of the hearing officer. The 30 day period for deciding whether to review

a determination may be extended upon written notice of such extension by the Secretary or his designee. Any party may request such a review in writing within 15 days of receipt of the hearing officer's determination.

(d) Notice of the Secretary's decision to review the hearing officer's determination and notice of the subsequent determination by the Secretary or the Secretary's designee, shall be given in writing, signed by the Secretary or the Secretary's designee and transmitted by certified mail, return receipt requested.

24 C.F.R. § 24.314 (emphasis added). Clearly, 24 C.F.R. § 24.314 provides that the hearing officer's decision is final unless the Secretary decides, within thirty days of receipt of the request, to review the decision. Further, the regulation only provides for written notification when the Secretary decides to review, as opposed to when the Secretary decides not to review, the hearing officer's decision. The regulation relied on by the plaintiff is not contrary to this conclusion. 24 C.F.R. § 14.335 merely states that review is discretionary and, if review is granted, additional action is taken. The plaintiff also argues, based on this section of the regulations, that the hearing officer's decision was not final because she sought review. This, too, is accurate. However, finality is provided for in 24 C.F.R. § 24.314, which states that if, thirty days after a petition for review is filed, the Secretary has not informed you in writing of his or her decision to grant review, the hearing officer's decision is final. Again, the regulation relied on by the plaintiff is not to the contrary.

■ The hearing officer's determination was filed on June 24, 1991, and the plaintiff filed a petition for review with the Secretary of HUD within fifteen days of receipt of the determination. Thirty days passed without being notified by the Secretary that he or she had granted review, at this point the decision of the hearing officer was final and the plaintiff had thirty days to seek judicial review as provided for in § 504(c)(2). Accordingly, the plaintiff's request on September 28, 1992, for judicial review of the agency's adverse EAJA ruling was untimely.

## C. HUD Violated the Plaintiff's Fifth Amendments Rights By Issuing the LDP Without Due Process of Law.

In Count III of the plaintiff's complaint she seeks damages for lost wages, pension and fringe benefits, emotional and mental distress, and damage to her professional reputation due to HUD's issuance of an LDP without due process of law in violation of the Fifth Amendment. Wagner claims that the lack of a formal hearing until several months after the issuance of the LDP, and the HUD regulations providing for an LDP hearing only after the sanction is imposed, are unconstitutional.

According to the plaintiff, the review was issued on October 4, 1990. On November 21, 1990, the HUD Area Office issued the LDP and the plaintiff immediately invoked her administrative remedies. After an informal conference in December of 1990, HUD amended one finding but sustained the LDP in January of 1991. Wagner then requested a hearing before an administrative judge which was scheduled for May of 1991. In February of 1991, the Authority terminated her employment. Wagner objects, alleging a due process violation, because no formal hearing was held prior to her termination.

■ The plaintiff alleges jurisdiction for Count III under the Administrative Procedures Act, [APA], 5 U.S.C. § 706. However, the defendant argues, because the damages sound in tort, that the FTCA is the exclusive remedy. *Feres v. United States,* 340 U.S. 135, 140, 71 S.Ct. 153, 156, 95 L.Ed. 152 (1950). Because the FTCA does not waive sovereign immunity for alleged due process violations, the defendant argues that this Court lacks jurisdiction. *Lundstrum v. Lyng,* 954 F.2d 1142, 1146 (6th Cir.1991). Further, even if the APA actually conferred jurisdiction on Count III, it does not provide for monetary damages. *Selden Apartments v. HUD,* 785 F.2d 152, 158 (6th Cir.1986). The plaintiff concedes, in her response, that money damages are not recoverable on this claim and alternatively requests any appropriate equitable relief, including reinstatement. [Record No. 4, 3]. However, Count III of the complaint specifically requests only

-

monetary damages to which the plaintiff has now admitted she is not entitled. Regardless, the plaintiff has not established a violation of due process.

■ In *Transco Security Inc. of Ohio v. Freeman,* 639 F.2d 318, 322 (6th Cir.), *cert. denied,* 454 U.S. 820, 102 S.Ct. 101, 70 L.Ed.2d 90 (1981), the Sixth Circuit upheld as constitutional post-deprivation hearings in sanction cases. Also, in an unpublished opinion, the Sixth Circuit specifically found that HUD's regulations providing for post-deprivation hearings for the issuance of LDPs were constitutional. *Buckeye Terminix Co. v. HUD,* 1990 WL 47472 (6th Cir.1990). Further, the plaintiff's objection is based on the several month waiting period between the issuance of the LDP and the formal hearing. However, the United States Supreme Court, in *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 547, 105 S.Ct. 1487, 1496, 84 L.Ed.2d 494 (1985) (citations omitted), held that due process is satisfied when a hearing is held "at a meaningful time," and the Sixth Circuit upheld as constitutional an eighteen-month delay in *Transco.* 639 F.2d at 324. Accordingly, even if this Court had jurisdiction to grant the relief requested in Count III, no due process violation occurred.

### D. HUD Breached the Agreed Order of Settlement and Dismissal.

Count IV of the complaint asserts a breach of contract claim against HUD under the APA and 28 U.S.C. § 1331 claiming that HUD violated the settlement agreement of May 9, 1991. The plaintiff, in her complaint, seeks damages for past and future lost wages, past and future fringe benefits, injury to professional reputation, emotional and mental distress, and injunctive relief in the form of a court order directing HUD to instruct the Authority to rehire the plaintiff.

■ The defendant argues that this Court lacks jurisdiction over Count IV for several reasons. First, the alleged damages for injury to professional reputation and emotional and mental distress sound in tort and the exclusive remedy for tort claims against the United States is the FTCA, not the APA or 28 U.S.C. § 1331. *Feres,* 340 U.S. at 140, 71

S.Ct. at 156. Also, any alleged injury to her professional reputation from communication to newspapers and unidentified others falls within the FTCA's statutory exclusion for libel or slander claims. 28 U.S.C. § 2680(h). Further, any claim against the United States for breach of contract is governed solely by the Tucker Act, 28 U.S.C. § 1491, and the United States Claims Court would have exclusive jurisdiction over the matter. *Matthews v. United States,* 810 F.2d 109, 111 (6th Cir.1987).

In response, the plaintiff claims that she is invoking this Court's jurisdiction under the APA for review of the issuance of an LDP. However, the complaint itself not only designates Count IV as a "Breach of Contract," but the language contained therein identifies the claim the same way. Therefore, this Court has no jurisdiction to address Count IV, a breach of contract claim against the United States. *A.E. Finley & Assoc., Inc. v. United States,* 898 F.2d 1165, 1167 (6th Cir. 1990).

Even considering the allegations in the plaintiff's complaint as truthful, as required when considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), it is clear that the plaintiff has failed to state a claim upon which relief may be granted against this defendant. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss, [Record No. 2], be, and the same hereby is, GRANTED on all counts of the plaintiff's complaint.