16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Clement NWABUEZE, Plaintiff-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Defendant-Appellee.
 No. 93-2000.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1994.
 
 Before: KEITH, RYAN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Clement Nwabueze, a pro se prisoner, appeals a district court judgment dismissing his civil rights action filed against the United States Immigration and Naturalization Service (INS). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and declaratory relief, Nwabueze filed a civil rights action under 42 U.S.C. Sec. 1983 against the INS alleging that he has been detained by the INS in violation of his Eighth Amendment, due process, and equal protection rights. He requested that the INS be directed to stop its malicious prosecution of him, that he be released from prison, and that he be permitted to file an alien relative petition form and remain in the United States. A magistrate judge recommended granting the defendant's motion to dismiss for failure to state a claim. Upon de novo review in light of Nwabueze's objections, the district court accepted the magistrate judge's report and dismissed the case.
 
 
 3
 On appeal, Nwabueze primarily discusses the merits of his claim that he should not be deported. He has also filed a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255 and a motion "to adjust permanent residence status from September 28, 1990."
 
 
 4
 Upon review, we affirm the district court's judgment for failure to state a claim upon which relief can be granted, as even when the factual allegations of the complaint are accepted as true, it is clear that the plaintiff can prove no set of facts which would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The United States is immune from suit unless sovereign immunity has been waived. United States v. Dalm, 494 U.S. 596, 608 (1990). There is no waiver of constitutional claims against the United States, Lundstrum v. Lyng, 954 F.2d 1142, 1146 (6th Cir.1991) (per curiam), and a federal civil rights action can be brought only against individual federal officials, not against the United States. Shaner v. United States, 976 F.2d 990, 994 (6th Cir.1992).
 
 
 5
 If Nwabueze's complaint is construed as having been brought under the Federal Torts Claim Act (FTCA), 28 U.S.C. Sec. 2671, the United States' tort duties are founded upon state, not federal law. Akutowicz v. United States, 859 F.2d 1122, 1125 (2d Cir.1988). Neither federal statutes nor the United States Constitution creates a cause of action under the FTCA. Davis v. United States, 961 F.2d 53, 57 (5th Cir.1991).
 
 
 6
 To the extent that Nwabueze's Sec. 1983 lawsuit can be construed as a request for habeas relief, it also must fail. Nwabueze already filed two separate habeas corpus actions which were denied and the Ninth Circuit Court of Appeals affirmed the district court's denial of habeas relief on both occasions.
 
 
 7
 The district court also properly dismissed Nwabueze's claim for lack of venue. 28 U.S.C. Sec. 1402(b); see also Reuber v. United States, 750 F.2d 1039, 1047 (D.C.Cir.1984).
 
 
 8
 Accordingly, we deny all pending motions and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.