85 F.3d 630
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert D. WILLIAMS, Plaintiff-Appellant,
v.
Ruth HORNER, Postmaster, et al., Defendants-Appellees.
 No. 95-3811.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1996.
 
 1
 Before: BROWN and SILER, Circuit Judges; HOOD, District Judge.*
 
 ORDER
 
 2
 Robert D. Williams, an Ohio citizen, appeals pro se the final judgment dismissing an action he filed asserting various constitutional claims and state torts. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Williams, a former postal employee, was convicted in 1991 pursuant to a guilty plea of two counts of distribution of cocaine base. After serving thirty months in prison, his motion to vacate sentence was granted based on violations of Fed.R.Crim.P. 11. The charges were dismissed. He subsequently filed this action seeking monetary relief from two postal inspectors whom he alleged illegally arrested him, his former defense counsel whom he alleged had provided ineffective assistance, a John Doe at the Bureau of Prisons who was alleged to have falsely imprisoned Williams, and the postmaster, who was alleged to have defamed Williams at a press conference. The district court dismissed the claim against the Bureau of Prisons as frivolous. The United States moved to be substituted as defendant for the postmaster, and for summary judgment. The district court granted this relief and dismissed the remaining claims. This appeal followed.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing the claim of false imprisonment against the Bureau of Prisons as frivolous. See Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). There was nothing in the record to indicate that the Bureau of Prisons was guilty of any constitutional violation in confining Williams pursuant to his conviction until such time as it was overturned.
 
 
 5
 Summary judgment was proper for the United States as substituted for the postmaster, as there was no genuine issue of material fact and the defendant was entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Defamation is not a constitutional deprivation. Siegert v. Gilley, 500 U.S. 226, 233 (1991). Thus, the claim was properly construed as brought under the Federal Tort Claims Act. The United States was entitled to summary judgment on such a claim both because Williams had not filed an administrative action as required by 28 U.S.C. § 2675(a), see Lundstrum v. Lyng, 954 F.2d 1142, 1145 (6th Cir.1991) (per curiam), and because the United States has not waived its sovereign immunity for defamation claims. See 28 U.S.C. § 2680(h); Siegert, 500 U.S. at 234.
 
 
 6
 The claims of illegal arrest against the two postal inspectors were properly dismissed as the record contained a valid arrest warrant. Finally, the legal malpractice claim against the former defense counsel for Williams was properly dismissed after all of the federal claims were dismissed. See 28 U.S.C. § 1367(c)(3); Wolotsky v. Huhn, 960 F.2d 1331, 1338 (6th Cir.1992).
 
 
 7
 Accordingly, the final judgment below is affirmed for the reasons stated by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation