**Jane Elizabeth HOLLAND and Jan Byrd Holland, Appellants,**

v.

**LA. SECRETARY OF REVENUE & TAXATION and United States of America, Appellees.**

**Civil Action No. 96–2689.**

United States District Court, W.D. Louisiana, Shreveport Division.

Feb. 7, 1997.

George E. Harp, Shreveport, LA, for appellants.

Shanda J. McClain, Baton Rouge, LA, for La. Secretary of Revenue & Taxation.

Robert A. Thrall, U.S. Atty's. Office, Shreveport, LA, Neal I. Fowler, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S., I.R.S.

## MEMORANDUM RULING AND JUDGMENT

WALTER, District Judge.

Before the Court is a Bankruptcy Appeal filed by the appellants, Jane Elizabeth Holland and Jan Byrd Holland. For the reasons that follow, Appellants' appeal is denied.

### Procedural Background

Appellants filed a Chapter 13 bankruptcy listing the appellees, La. Secretary of Revenue & Taxation and the United States of America, as creditors. The plan that Appellants filed sought to pay these creditors a zero payment. Appellees objected to the plan and, in turn, Appellants filed an adversary proceeding seeking to determine the applicability of 26 U.S.C. § 1 and, if applicable, the legal sufficiency of Appellees' claims.

The Bankruptcy Judge determined that the statute was applicable to Appellants and that the Appellees had established a sufficient basis to support their tax claims. The Bankruptcy Judge granted Appellees' respective motions for summary judgment and denied Appellants motion to strike Appellees' respective proofs of claims.

Appellants subsequently appealed to this Court seeking to overturn the rulings of the Bankruptcy Judge. Appellants contend that unapportioned income taxes are considered 'indirect' taxes. The Hollands also contend that as a result, only withholding agents can be made liable under 26 U.S.C. § 1. Appellants further contend that since they are not withholding agents, they cannot be held liable. Appellants contend still further that the Internal Revenue Service is not authorized to prepare 'substitute for return' (SFR) forms for 1040 forms even in the absence of a taxpayer's refusal to file such a form. Lastly, Appellants contend that the reports used by the La. Dept. of Revenue and Taxation are flawed and without foundation since they

are based on the SFR forms and have no direct link to the Louisiana Tax Code.

*Applicable Law*

On appeal from a judgment in bankruptcy, findings of fact shall not be set aside unless clearly erroneous. The burden of establishing that a determination is clearly erroneous is stringent; to so conclude, a reviewing court must have a firm and definite conviction that a mistake has been committed. *Matter of Monnig's Department Stores, Inc.*, 929 F.2d 197, 200 (5th Cir.1991). Conclusions of law are reviewed *de novo. Id.*

The Sixteenth Amendment eliminated the requirement that income taxes, as non-apportioned taxes, be classified as indirect taxes. As a result, federal income taxes are non-proportioned direct taxes. *See U.S. v. Wells Fargo Bank,* 485 U.S. 351, 350–52, 108 S.Ct. 1179, 1180, 99 L.Ed.2d 368 (1988); *Zenith Radio Corp. v. U.S.,* 437 U.S. 443, fn. 14, 98 S.Ct. 2441, fn. 14, 57 L.Ed.2d 337 (1978); *Parker v. C.I.R.,* 724 F.2d 469, 471 (5th Cir. 1984); *U.S. v. Gerads,* 999 F.2d 1255, 1256 (8th Cir., 1993); *In re Becraft,* 885 F.2d 547, 548 (9th Cir.1989) (interpreting *Brushaber v. Union Pacific Railroad Co.,* 240 U.S. 1, 12–19, 36 S.Ct. 236, 239–42, 60 L.Ed. 493 (1916)).

*Analysis*
*Income Taxes: Direct or Indirect*

■ Appellants contend that income taxes are indirect taxes because they are non-apportioned. Appellants, however, ignore the multitude of jurisprudence from this and other circuits holding to the contrary. Pursuant to the Sixteenth Amendment, income taxes are direct non-apportioned taxes. As a result, the Court finds that Appellants can be found liable pursuant to 26 U.S.C. § 1.

*Substitute for Return Forms in lieu of a Taxpayer's 1040 Form*

■ Appellants contend without citation that 26 U.S.C. § 6020 does not apply to income taxes. *Appellants' Brief* at 8. The Fifth Circuit in *U.S v. Firtel,* 446 F.2d 1005, 1006 (5th Cir.1971) held that 26 U.S.C. § 6020 is not *limited to* income taxes, thereby implying, that this statute in its strictest

interpretation at least applies to income taxes (i.e., 1040 returns). *See also, U.S. v. Lacy,* 658 F.2d 396, 397 (5th Cir.1981); *U.S. v. Millican,* 600 F.2d 273, 278 (5th Cir.1979).

26 U.S.C. § 1 reads in part:

(a) Married individuals filing joint returns and surviving spouses.—There is hereby *imposed* on the taxable income of—

(1) every married individual (as defined in section 7703) who makes a single return jointly with his spouse under section 6013, and

(2) every surviving spouse (as defined in section 2(a))

(b) Heads of households.—There is hereby imposed on the taxable income of every head of a household

(emphasis added).

26 U.S.C. § 6012 reads in part:

(a) General rule.—Returns with respect to income taxes under subtitle A *shall be made* by the following:

(1)(A) Every individual having for the taxable year gross income which equals or exceeds the exemption amount

(emphasis added).

26 U.S.C. § 6151 reads in part:

(a) General rule.—Except as otherwise provided in this subchapter, when a return of tax is required under this title or regulations, the *person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax* to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return

(emphasis added). Section I imposes a duty to pay income taxes. Section 6012 makes it a requirement to file a tax return. Section 6151 requires that the amount of taxes owed be paid without assessment, notice, or demand. Considering the forgoing Fifth Circuit jurisprudence and applicable statutory law, the Court finds Appellants argument that 26 U.S.C. § 6020 does not apply to income (1040 type) taxes and that there is no duty upon them to pay income taxes without merit.

*Effect of IRS failure to sign 'substitute for return forms'*

█ Appellants also contend that the SFR forms are invalid since they do not conform to the requirements set out in 26 U.S.C. § 6065. The Court, however, finds that this statute is inapplicable. 26 U.S.C. § 6065 reads in part:

Except as otherwise provided by the Secretary, any return, declaration, statement, or other document **required to be made** under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury,

(emphasis added).

█ 26 U.S.C. § 6020 reads in part:

(a) Preparation of return by Secretary.— If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary *may* prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

(b) Execution of return by Secretary.—

(1) Authority of Secretary to execute return.—If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) Status of returns.—Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

(emphasis added). Although the Secretary may file a SFR, he/she *is not required* to do so. *U.S. v. Stafford,* 983 F.2d 25, 27 (5th Cir.1993). As a result, the requirements set out in 26 U.S.C. § 6065 do not apply to SFR forms filed by the Secretary. Additionally, assessments by the Secretary and the SFR forms are two separate events. The SFR forms merely reflect the calculation of the amounts due and owing; an assessment is the official recording of the facts and amount of tax liability. Although the assessment must be signed, there is no such requirement for the SFR. *See U.S. v. Ahrens,* 530 F.2d 781, 785 (8th Cir.1976); *Murray v. U.S.,* 300 F.2d 804, 806 (1st Cir.1962 ); *Christensen v. U.S.,* 733 F.Supp. 844, 852 (D.N.J.1990), *aff'd,* 925 F.2d 416 (3rd Cir.1991).

*The validity of the I.R.S. reports and relationship to the La. Tax Code*

█ Appellants further contend that, based upon their forgoing argument, the I.R.S. reports relied upon by the State are invalid. In light of the Court's forgoing ruling on these issues, the Court finds this argument without merit. Appellants argue still further that the Louisiana Tax Code does not have any relation to the I.R.S. reports and that, as a result, the State's reliance on these reports renders its tax assessments invalid. Appellants fail to provide any supporting authority to support this proposition. Although Appellants note that the method for calculating Louisiana state taxes differs from the federal method, this does not render the underlying information (i.e., amount of gross income) supplied by the reports inaccurate. As a result, Appellants appeal should be denied.

*Conclusion*

The ruling of the Bankruptcy Judge granting the Appellees' respective motions for summary judgment and denying Appellants' motion to strike is affirmed. Federal income taxes are direct non-proportioned taxes. Appellants have a duty to pay income taxes. The Secretary is authorized to prepare a substitute for return form and such forms do not have to be signed. The assessments were valid. The State of Louisiana can rely on the data gathered by the Internal Revenue Service in computing the amount of state taxes owed.

Appellants have failed to raise any issues of genuine fact which would establish that the reports relied upon or the State's assessments were inaccurate, or that the assessments made by the government were inaccu-

rate. Having reviewed the record, this Court cannot conclude with firm and definite conviction that a mistake has been committed. The Court notes that Appellants have failed to file the requisite tax forms to date. As a result, Appellants' appeal is denied.

IT IS ORDERED THAT the Bankruptcy Appeal filed the appellants, Jane Elizabeth Holland and Jan Byrd Holland, be and is hereby DENIED; the Judgment of the Bankruptcy Court is hereby

AFFIRMED.