**Tom E. SARNELLI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–S–98–0891–HDM–RJJ.**

United States District Court, D. Nevada.

June 30, 1999.

Tom E. Sarnelli, in Pro per.

Kimberly A. Wanker, Henderson, NV, for Defendant.

## ORDER

McKIBBEN, Chief Judge.

The Report and Recommendation of the Magistrate Judge is affirmed. The plaintiff's motion for summary judgment is denied. The defendant's cross-motion for summary judgement is granted.

It is so ordered.

*REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

JOHNSTON, United States Magistrate Judge.

This matter came before the Court for a hearing on Plaintiff's Motion for Summary Judgment (# 17) and Defendant's Cross–

Motion for Summary Judgment (# 18) on May 19, 1999. In addition to the arguments made by the parties at the hearing, the Court has considered Plaintiff's Motion for Summary Judgment (# 17), United States' Response to Plaintiff's Motion for Summary Judgment and Cross–Motion for Summary Judgment (# 18), United States' Memorandum of Law in Support of Response to Plaintiff's Motion for Summary Judgment and Cross–Motion for Summary Judgment (# 19), Declaration of Jennifer A. Giaimo (# 20), Plaintiff's Answer to Defendant's Response to Plaintiff's Motion for Summary Judgment and Cross–Motion for Summary Judgment (# 30), Plaintiff's Statement of Material Facts (# 33), and United States' Statement of Facts in Support of Motion for Summary Judgment (# 34).

## BACKGROUND

Plaintiff Tom Sarnelli brought this tax refund action challenging the withholding of $7763.87 in federal income taxes for 1997 by the Internal Revenue Service (IRS). Plaintiff claims that the IRS has no lawful basis to withhold these taxes because the government never made an assessment for income taxes against him. Plaintiff argues that the taxes withheld constitute an overpayment and that he is entitled to a refund of those monies. In his Motion for Summary Judgment (# 17), Plaintiff contends that, because it is uncontested that no assessment was made against him for income taxes in 1997, he is entitled to summary judgment solely on that fact. Defendant United States acknowledges that no assessment was made against Plaintiff for income taxes in 1997. However, Defendant argues in support of its Cross–Motion for Summary Judgment (# 18) that the issue of an assessment is never reached in this case because an assessment is not a prerequisite for an individual's tax liability. Instead, tax liability is predicated on whether an individual received income in the form of wages or other payments as defined in 26 U.S.C. § 61.

## DISCUSSION

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *see also, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth." *Canada v. Boyd Group, Inc.*, 809 F.Supp. 771, 775 (D.Nev.1992) (citations omitted). To succeed on a summary judgment motion, the moving party must demonstrate "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. The moving party must also prove that it is entitled to judgment as a matter of law. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. "In essence, ... the inquiry [is] ... whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505. In making this determination, the Court must evaluate the evidence in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Hodgers–Durgin v. de la Vina*, 165 F.3d 667, 672 (9th Cir.1999).

Once the moving party properly supports its motion for summary judgment, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts," but "must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), *quoting* Fed.R.Civ.P. 56(e) (original emphasis); *see also, Reynolds*, 84 F.3d at 1166. Although the facts must be viewed in the light most favorable to the non-

moving party, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348 (citations omitted).

In the instant case, the parties agree that the only issue for resolution is whether the United States can withhold income taxes when there has been no assessment, or stated differently, whether the plaintiff is entitled to a refund of income taxes based on the fact that there has been no assessment. The parties also agree that the following facts are undisputed. In 1998, Plaintiff Sarnelli filed a Form 1040 with respect to his 1997 federal income taxes. Plaintiff was required to file a tax return for 1997. On the Form 1040, Plaintiff claimed that he received zero income in 1997 and that he was entitled to a refund of the full amount of income tax withheld from his paychecks, in the amount of $7763.87. Forms W–2 from 1997 indicate that Plaintiff received "wages, tips or other compensation" in the amount of at least $48,428.56. Plaintiff claims that his "wages" as reported on his Forms W–2 are not "income," and are therefore not taxable by law.

■ The Ninth Circuit has repeatedly rejected as frivolous the argument that wages are not income for tax purposes. *See e.g., Olson v. United States,* 760 F.2d 1003, 1005 (9th Cir.1985); *Gattuso v. Pecorella,* 733 F.2d 709, 710 (9th Cir.1984); *see also Maisano v. United States,* 908 F.2d 408, 409 (9th Cir.1990). Therefore, Plaintiff's self-assessment of zero taxes owed, based on the claim of zero income, is incorrect because the Forms W–2 clearly show that Plaintiff did receive income in the form of wages in 1997. Consequently, because Plaintiff has been unable to show anything supporting his claim that "wages" are not income under 26 U.S.C. § 61, Plaintiff is liable for federal income taxes for 1997.

■ Plaintiff Sarnelli also has not demonstrated that he is entitled to a refund of his 1997 income taxes based on the fact that there was no assessment by the government against him. However, Defendant United States has demonstrated that the Internal Revenue Code expressly requires that the amount of taxes owed be paid without assessment, notice or demand. The Code provides: "when a return of tax is required under this title or regulations, the person required to make such a return shall, *without assessment or notice and demand from the Secretary,* pay such tax." 26 U.S.C. § 6151 (emphasis added); *see also Holland v. Louisiana Secretary of Revenue & Taxation,* 208 B.R. 26, 28 (W.D.La.1997). "[A]n assessment is not a prerequisite to tax liability." *Moran v. United States,* 63 F.3d 663, 666 (7th Cir.1995). Further, the absence of a tax assessment does not prove that a taxpayer owes no taxes. *Brown v. United States,* 1999 WL 112509, *1 (D.Nev. Jan. 20, 1999). Therefore, Plaintiff's claim that he is entitled to a refund of withheld federal income taxes for 1997 because there was never an assessment for tax liability against him fails as a matter of law.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Motion for Summary Judgment (# 17) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's Cross–Motion for Summary Judgment (# 18) be GRANTED.

## NOTICE

Pursuant to Local Rule IB 3–2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before June 11, 1999. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,*

474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991); *Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983). May 25, 1999.