**Steven J. RENNIE, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**No. 02CV5055.**

United States District Court, E.D. California.

June 11, 2002.

Steven J. Rennie, Coalinga, CA, Pro se.

Traci L. Patterson, United States Department of Justice, Tax Division, Washington, DC, for Defendant.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT

COYLE, District Judge.

On May 28, 2002, the court heard defendant's Motion to Dismiss or For Summary Judgment.

Upon due consideration of the written and oral arguments of the parties and the record herein, the court grants this motion and directs entry of judgment for defendant.

On January 11, 2002, plaintiff Steven J. Rennie, proceeding in proper, filed a "Complaint for Damages and Request That This Court Set Aside an Invalid Collection Due Process 'Determination' Lawlessly issued Pursuant to 26 USC 6330". The Complaint alleges that the "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330" issued on December 28, 2001, a copy of which is attached to the Complaint as Exhibit A, was issued in violation of law.[1]

■ In the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub.L. 105–206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide due process protections for taxpayers in tax collection matters. Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office due process hearing) and, if dissatisfied, with judicial review of the administrative determination. Section 6330(c) pertains to matters considered at such a hearing and provides in pertinent part:

(c) **Matters considered at hearing.**—In the case of any hearing conducted under this section—

(1) **Requirement of investigation.**— The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

---

**1.** Also attached to the Complaint is what purports to be a transcript of the Collection Due Process Hearing. The hearing was tape recorded by plaintiff and he has prepared the transcript of it. The transcript is not certified. Moreover, from the court's research, the Collection Due Process hearings are supposed to be informal and there is not requirement that the hearings be recorded.

Section 6330(c)(2)(A) provides that the person may raise any relevant issue to the unpaid tax or the unpaid levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." Section 6330(c)(2)(B) provides that "[t]he person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Section 6330(c)(3) provides in pertinent part:

The determination by an appeals officer under this subsection shall take into consideration—

(A) the verification presented under paragraph (1);

(B) the issues raised under paragraph (2); and

(C) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary.

Section 6330(d)(1) provides that the person may appeal the determination to either the United States Tax Court or to the United States District Court, depending upon jurisdiction of the underlying tax liability. Here, there is no dispute that the appeal is to this court. Although Section 6330(d) does not specify the standard of review a district court should apply to an appeal of a Notice of Determination by the IRS Appeals Office, the legislative history indicates that the court should conduct a *de novo* review only "where the validity of the tax liability was properly at issue at the administrative hearing." H.Conf.Rept. 105–599, 105th Cong.2nd Sess. 266 (1998).

Where the amount of the underlying tax liability is not properly part of the appeal, the court reviews a Notice of Determination for abuse of discretion. *Id.; Sego v. Commissioner*, 114 T.C. 604, 609–610, 2000 WL 889754 (2000). Here, because deficiency procedures do not apply to the assessment or collection of a penalty pursuant to 26 U.S.C. § 6702, defendant asserts that the court's review is de novo.

The United States moves to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Alternatively, defendant moves the court for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

The Complaint alleges that the appeals officer "[d]id not produce and present to Plaintiff the 'verification from the Secretary' as required by Section 6330(c)" and that the appeals officer "[d]id not 'Prior to issuance of' the 'determination' at issue, send Plaintiff the 'verification from the IRS office collecting the tax that the requirement of any applicable [sic] have been met,' as 'required' by Treasury Regulation 301.6330–1(e)."

These allegations state a claim upon which relief can be granted. Section 6330(c)(1) only requires that the appeals officer "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Section 301.6330–1(e) provides that the appeals officer is required to "obtain verification from the IRS office collecting the tax that the requirements of any applicable law or administrative procedure have been met." Nothing in either the statute or the regulation requires that the verification be sent to or provided to the taxpayer. *See Nestor v. Commissioner*, 2002 WL 236682 (U.S.Tax Ct.2002). Furthermore, according to the transcript

attached to plaintiff's complaint, the Appeals Officer reviewed

the case file and all of the information that you submitted to me separately; which was a copy of the transcript [of an earlier Collection Due Process Hearing] and some information on the frivolous return penalty. I reviewed the Las Vegas penalty file which includes the stipulation of the parties to return the matter to us.... I've also reviewed the transcripts of the court and the internal records regarding the application of the penalty and everything that happened there. I've done the same thing with the income tax liability, reviewing the return itself and the audit procedures, the audit report, the documents that passed back and forth between you and the service, and all of the procedural aspects of that. I've also reviewed your protest and the documents that you attached to your protest ... I also looked at transcripts for each year....

. . . . .

This is the kind of evidence that the court looks to, along with us, as to the records that are on the master file, on our computer systems, regarding your liabilities. Now there's two pages there, the first is for your individual income tax, and the second is on the civil penalty. And what these two documents do is they put in a plain language format so you can see what those codes mean over there on the left and all of the actions that have occurred on the account, and the balances due are summarized at the top of that as of a specific date. These are both as of September 24, 2001, and they show the account balance on the individual income tax return to be $20,196.64, and the balance on the proposed penalty, well the penalty that has been asserted and assessed $555.26, those include interest and penalties up through that 9–24–2001. The literal transcript, there's two types of transcripts that the court will accept, has evidence that the procedures have been and that there's [sic] been an assertive tax liability properly assessed; one is the (Metra X?) [sic] which I have provided you, the other is a certified transcript, which I did not obtain in this case, because the, at least at this point, because the courts have told us that this is as far as we need to go in appeals to determine that the taxes have been [sic]

In *Yacksyzn v. Commissioner*, 2002 WL 531150 (U.S.Tax Ct.2002), the United States Tax Court held:

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203–1, Proced. & Admin.Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein ... In this regard, we observe that the transcripts of account on which the Appeals officer relied, and which he furnished to petitioner before the hearing, contained all the information prescribed in section 301.6203–1....

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcripts of account ... Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1)....

Therefore, the alleged failure to send to plaintiff "verification from the IRS office collecting the tax" prior to the issuance of the "determination" is not a violation of the statute and cannot state a claim upon

which relief can be granted. Furthermore, the transcript attached to the Complaint indicates that a transcript of plaintiff's account was provided to plaintiff at the Collection Due Process hearing.

■■■ The Complaint further alleges that the hearing pursuant to Section 6330 was unlawful because the appeals officer did not "produce any document signed by any Defendant employee that would have supported the imposition of the 'frivolous penalty' at issue"; did not "produce any Delegation of Authority from the Secretary that authorized any Defendant employee to impose the 'frivolous penalty' at issue"; did not "identify or produce a Treasury Department regulation that authorized any Defendant employee to impose the 'frivolous penalty' at issue or required Plaintiff to pay such a 'frivolous penalty'"; and did not "produce any statute that established the 'existence . . . of the underlying liability' of the tax for which the 'frivolous penalty' had been imposed."

■■■ Defendant moves to dismiss these allegations on the ground that there is no requirement in the law that the IRS produce any of these documents or information prior to the imposition of a levy or in connection with a Collection Due Process hearing.

The court agrees. In *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir.1992), an action brought by the taxpayers to enjoin the collection of income taxes, the Ninth Circuit rejected the argument that the IRS could not prevail because there was no evidence of any delegated authority from the Secretary of the Treasury to the various agents involved:

Relevant statutes and regulations demonstrate . . . that the Secretary does have the power to collect taxes, and that such power can be delegated to local IRS agents. 26 U.S.C. § 6301 provides that '[t]he Secretary shall collect the taxes imposed by the internal revenue laws.' The actual task of collecting taxes, however, has been delegated to local IRS directors. 'The taxes imposed by the internal revenue laws shall be collected by district directors of internal revenue.' 26 C.F.R. § 301.6301–1. District directors in turn are authorized to redelegate the levy power to lower level officials such as collection officers. *See* IRS Delegation Order 191. The delegation of authority down the chain of command, from the Secretary, to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees. *See* 36 C.F.R. § 301.7701–9.

Furthermore, there is no requirement of publication of internal delegations of administrative authority to enforce the Internal Revenue laws. *Id.* at 539; *Lonsdale v. United States*, 919 F.2d 1440, 1446 (10th Cir.1990). With respect to the allegation that the Appeal Officer did not "produce any document signed by any Defendant employee that would have supported the imposition of the 'frivolous penalty' at issue", 26 U.S.C. § 6702 provides for a $500 civil penalty for a frivolous income tax return if

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede

the administration of Federal income tax laws.

Here, the record before the court establishes that plaintiff's 1998 income tax return, with attachment, reported "zero" in the portions of the return pertaining to income and sought a refund of federal income tax withheld from Forms W–2 and 1099 in the amount of $7,086.90.[2] In addition, as stated in the Notice of Determination, also attached to the 1998 income tax return was a Form W–2 from Caesar's Palace in Las Vegas reporting wages in the amount of $65,674.74 and withholding in the amount of $7,086.90. There is no question that the return filed by plaintiff is a "purported return" within the meaning of Section 6702. *See Fuller v. United States,* 786 F.2d 1437, 1438–1439 (9th Cir. 1986); *see also Hudson v. United States,* 766 F.2d 1288 (9th Cir.1985).[3] Furthermore, there can be no question that the positions espoused by plaintiff in the attachment to the 1998 income tax return are frivolous within the meaning of Section 6702. Thus, plaintiff's assertions that the Internal Revenue Code does not define "income" and that income can only be derived from corporate activity are without merit. 26 U.S.C. § 61(a) defines gross income as "all income from whatever source derived...." The case cited by plaintiff in the attachment, *United States v. Ballard,* 535 F.2d 400 (8th Cir.), *cert. denied,* 429 U.S. 918, 97 S.Ct. 310, 50 L.Ed.2d 283 (1976), stated in dicta that the "general term 'income' is not defined in the Internal Revenue Code in the context of addressing the Government's contention that all gross receipts" received by Ballard represented income that must be reported. Furthermore, cases have consistently found the identical arguments being made by plaintiff to be frivolous. *See, e.g., Tornichio v. United States,* 1998 WL 381304 (N.D.Ohio 1998), *aff'd,* 1999 WL 191340, 173 F.3d 856 (6th Cir.1999); *Gavigan v. United States,* 2000 WL 33187163 (D.Conn.2000); *Townsend v. United States,* 2000 WL 1616081 (W.D.Mich.2000); *Perl v. United States,* 1999 WL 1022186 (D.Mass.1999); *Dose v. United States,* 1986 WL 147 (N.D.Iowa 1986); *In re Bertelt,* 184 B.R. 603 (Bkrtcy.M.D.Fla.1995); *Ghalardi Tax Education Foundation v. Commissioner,* 1998 WL 906755 (U.S. Tax Ct.1998); *Zyglis v. Commissioner,* 1993 WL 289265 (U.S. Tax Ct.1993). Plaintiff's assertions in the attachment to the 1998 return that he is not required to file an income tax return because the Privacy Act Notice in a Form 1040 booklet so advises is also meritless. *See Ghalardi Income Tax Education Foundation, id.; Billman v. Commissioner,* 1984 WL 14920 (U.S. Tax Ct.1984). Plaintiff's assertion in the attachment that, because no assessment for the 1998 income taxes was made, the IRS has no legal basis to hold the monies withheld for income taxes by plaintiff's employer is also is without merit. *See Roth v. United States,* 1999 WL 1090819 (W.D.Wis.1999); *see also Sarnelli v. United States,* 78 F.Supp.2d 1131 (D.Nev.1999); *Louden v. United States,* 2001 WL 260080 (E.D.Mich.2001); *Morris v. United States,* 2002 WL 471826 (D.Idaho 2002). The allegation in the Complaint that the Appeals

---

**2.** The court notes that this virtually identically worded attachment has been filed to many "tax protestor" returns and the positions espoused therein have been found frivolous by all courts that the court has seen in its research.

**3.** To the extent that the attachment to the 1998 income tax return asserts to the contrary, the assertion is without legal merit. The cases which are cited in the attachment to the 1998 income tax return, *United States v. Kimball,* 896 F.2d 1218 (9th Cir.1990) and *United States v. Long,* 618 F.2d 74 (9th Cir. 1980), do not involve a "purported return" within the meaning of Section 6702.

Officer erred because he "did not identify or produce a Treasury Department regulation that authorized Defendant employees to impose the 'frivolous penalty' at issue or required Plaintiff to pay such a 'frivolous penalty'" is also without merit. *See Hudson v. United States,* 766 F.2d 1288, 1291 (9th Cir.1985); *Gass v. United States,* 2000 WL 1204575 (D.Colo.2000).

The Complaint alleges that the Appeals Officer erred because the Appeals Officer

g) Refused to accept the 'collection alternative' proposed by Plaintiff which was that (they) would immediately pay the 'frivolous penalty' if the appeals officer would merely cite and produce the statute that established the 'underlying liability' for the tax. . . .

h) To make it easy for the appeals officer to comply . . . , Plaintiff's placed an Internal Revenue Code on the table in front of the appeals officer.

i) Despite having an Internal Revenue Code in front of him, the appeals officer refused to point out in the Code where an income tax 'liability' was established by law.

■ These allegations do not state a claim. The purpose of the provision for the consideration of collection alternatives described in Sections 6330(c)(2)(A) and 6330(c)(3)(C) clearly is intended to allow the taxpayer to propose a method of payment that will of the underlying tax liability instead of satisfaction of a tax lien by a levy. Plaintiff's allegations do not propose an "alternative" to collection by levy but rather proposes a condition to payment of the underlying liability. Furthermore, as discussed *supra,* the basis of the underlying liability is clear as a matter of law and, as indicated in the attachment to the 1998 purported income tax return, known to plaintiff. Therefore, these allegations do not state a claim upon which relief can be granted.

The court further concludes that leave to amend will be futile because the record before the court establishes that plaintiff cannot state a claim upon which relief can be granted pursuant to 26 U.S.C. § 6330.

ACCORDINGLY, IT IS ORDERED that defendant's Motion to Dismiss or For Summary Judgment is granted and that this action is dismissed without leave to amend.

THE CLERK OF THE COURT IS DIRECTED TO ENTER JUDGMENT FOR DEFENDANT.