**Joseph TORNICHIO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 5:02–CV–351.**

United States District Court, N.D. Ohio, Eastern Division.

Dec. 11, 2002.

---

Michael W. Davis, U.S. Department of Justice, Tax Division, Washington, DC, for United States of America, (dft).

### ORDER AND OPINION,

GWIN, District Judge.

On October 29, 2002, Defendant the United States of America ("the United States") moved the Court to dismiss *pro se* Plaintiff Tornichio's complaint against it and affirm the Internal Revenue Service's ("IRS") determination that Tornichio is liable for filing frivolous income tax returns. In his complaint, Tornichio asks the Court to invalidate the IRS's determination because he believes the IRS collection due process ("CDP") hearing was invalid. He also seeks compensatory and punitive damages against the United States.

The United States alleges that Tornichio fails to state a claim upon which the Court can grant relief. The United States further claims that the Court must dismiss Tornichio's compensatory and punitive damage claims for lack of subject matter jurisdiction. Tornichio opposes the motion.

For the reasons that follow, the Court grants the United State's motion to dismiss and affirm. Accordingly, the Court dismisses Tornichio's complaint against the United States and affirms the determination of the IRS Appeals Office that Tornichio is liable for filing frivolous income tax returns.

### I. Background

Tornichio filed tax returns for tax years 1996, 1997, and 1998 in which he reported his income as "–0–." In support of his claim that he had zero income and tax liability, Tornichio alleged that the IRS lacks authority to collect income taxes. After receiving information documents showing that Tornichio earned $51,700.00 in 1996, $78,952.00 in 1997 and $45,244.00 in 1998, the IRS assessed Tornichio a $500 "frivolous return" penalty on each return. After Tornichio refused to voluntarily pay the penalties, the IRS sent several notices of intent to levy on each return assessment. Tornichio still did not pay the penalties.

On October 17, 2000, the IRS sent Tornichio, by certified mail, a final notice of intent to levy. On November 3, 2000, Tornichio requested a CDP hearing pursuant to Internal Revenue Code ("I.R.C.") § 6330. He asked that the appeals officer furnish the following information at the hearing:

 i. verification from the Secretary that the requirements of any applicable

law or administrative procedure have been met;

ii. delegation orders from the Secretary delegating authority to those persons who imposed the 'frivolous penalty;'

iii. a listing of Treasury Department regulations that allow IRS employees to impose 'frivolous penalties;'and

iv. documented proof that the Secretary authorized the collection action and that the Attorney General or his delegate directed that collection action commence.

Tornichio also advised the appeals officer that he intended to challenge the " 'existence of the underlying liability' of the tax that generated the 'frivolous penalty' " because he never received a Deficiency Notice regarding the underlying tax liability.

IRS Settlement Officer Dolin responded to Tornichio in a letter dated November 28, 2001. Dolin advised Tornichio that the CDP conference would be informal, "facts, arguments, and legal authority to support your position" may be presented, but "[i]t is the Service's position that in cases where a taxpayer's request for a collection due process hearing only states moral, religious, political, constitutional, conscientious or similar grounds to support his/her position, Appeals **will not** consider those grounds in the Due Process/Equivalent hearing pursuant to IRC Section 6320/6330."(emphasis in original). Dolin noted further that courts had previously addressed Tornichio's concerns about the legal authority of the IRS.

Tornichio responded in a letter dated December 4, 2001, saying again that he wanted the IRS officer to bring all of the items listed in his September 28, 2001, letter to the hearing. Concerned that he did not receive a reply from the IRS, Tornichio sent a certified letter dated December 18, 2001, requesting several documents, including IRS Document # 330 for tax years 1996, 1997, & 1998.

On January 15, 2002, the IRS Appeals Office held the CDP hearing. The hearing did not result in any settlement or resolution of the matter. Accordingly, on February 1, 2002, the IRS sent a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330", via certified mail, to Tornichio.

The determination letter stated as follows:

It has been determined that no relief is to be granted and that the proposed levy action is sustained. The Internal Revenue Service has complied with code and procedural requirements in collecting the tax.

The letter further stated that Tornichio could appeal the IRS determination by filing a complaint with the Court within thirty days.

On February 26, 2002, Tornichio timely filed this action. In his complaint, Tornichio seeks to set aside the IRS determination of liability. In asking that his liability be set aside, Tornichio says that the IRS unlawfully issued the determination. Specifically, Tornichio complains that the appeals officer failed to provide any of the information he requested in his September 28, 2001, letter. Additionally, he claims the IRS officer refused to accept his "collection alternative" of paying the penalty immediately "if the appeals officer would merely cite and produce the statute ... where an income tax 'liability' was established by law." Tornichio also makes claims for compensatory and punitive damages against the United States.

On March 18, 2002, the Court dismissed the action without prejudice because the Tax Court appeared to have sole jurisdiction. On September 17, 2002, the Court

vacated its March 18, 2002 opinion and order and reopened the case.

On October 29, 2002, the United States moved the Court to dismiss the complaint against it and affirm the IRS Appeals Office's determination. The United States also moved the Court to dismiss Tornichio's damage claims against the United States for lack of subject matter jurisdiction. Tornichio opposes the motion.

## II. Standard & Analysis

### A. Standard

The United States alleges that the Court should dismiss the complaint against it and affirm the determination of the IRS officer for two reasons. First, the United States says that the Court should dismiss the claim that the CDP hearing was invalid because it fails to state a claim upon which the Court can grant relief. Second, it asserts that the Court lacks subject matter jurisdiction over Tornichio's damage claims against the United States.

The Court now presents the standards for the two dismissal grounds, and then discusses each ground in later sections.

### 1. Failure to State a Claim

The Court uses the Fed.R.Civ.P. 12(b)(6) standard to judge the legal sufficiency of a claim. Under this rule, the Court presumes that all well pleaded allegations are true, resolves all doubts and inferences in favor of the pleader, and views the pleading in the light most favorable to the non-moving party. *Cent. States, Southeast & Southwest Areas Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252 (6th Cir.1997). *See also In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997) (holding that when ruling on a motion to dismiss for failure to state a claim, the court deems as admitted all factual allegations made by plaintiff, and the court must construe all ambiguous allegations in plaintiff's favor.) Courts will dismiss a claim under this rule only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Advocacy Org. For Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315 (6th Cir.1999). Finally, the district court must read a *pro se* plaintiff's allegations liberally and apply a less stringent standard to the pleadings of a *pro se* plaintiff than to a complaint drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

### 2. Subject Matter Jurisdiction

When a party challenges subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the plaintiff has the burden of proving that the Court has jurisdiction over the cause of action. *Madison–Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir.1986). The Court, however, construes the allegations of the complaint favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In ruling on such a motion, the district court may resolve factual issues when necessary to resolve its jurisdiction. *Madison–Hughes*, 80 F.3d at 1130; *Rogers*, 798 F.2d at 918. Further, when considering a motion to dismiss for lack of subject matter jurisdiction, this Court may look beyond jurisdictional allegations in the complaint and the Court may consider whatever evidence the parties submit. *Fairport Intern. Exploration, Inc. v. Shipwrecked Vessel Known as THE CAPTAIN LAWRENCE*, 105 F.3d 1078, 1081 (6th Cir.1997). Finally, the district court must read a *pro se* plaintiff's allegations liberally and apply a less stringent standard to the pleadings of a *pro se* plaintiff than to a complaint drafted by counsel. *Haines*, 404 U.S. at 520–21, 92 S.Ct. 594.

## B. Analysis

The United States says that the Court should dismiss Tornichio's claim that the CDP hearing was invalid because the IRS officer did not abuse his discretion. Therefore, the United States asks the Court to affirm the determination of the appeals officer. It also moves the Court to dismiss the damage claims against it because the United States has not waived its sovereign immunity. Accordingly, the United States argues that the Court lacks subject matter jurisdiction.

The Court now discusses each of these issues.

### 1. CDP Hearing and IRS Determination

#### a. Appropriate Standard of Review

As an initial matter, the Court determines the appropriate standard of review for Tornichio's claim that the Court should set aside the IRS's notice of determination. The United States asserts that the Court should apply an abuse of discretion standard.

■ Although section 6330(d) provides for judicial review of the IRS's administrative determinations, it is silent as to the standard of review a district court should apply when a taxpayer appeals a Notice of Determination by the IRS Appeals Office. 26 U.S.C. § 6330(d). The legislative history, however, shows that the court should conduct a *de novo* review "where the validity of the tax liability was properly at issue at the administrative hearing." H.R. Conf. Rep. No. 105–599, at 266 (1998). *See also Rennie v. Internal Revenue Serv.*, 216 F.Supp.2d 1078, 1080 (E.D.Cal.2002); *Geller v. U.S.*, 2001 WL 1346669 (S.D.Ohio Sept.26, 2001).

But, where the validity of the underlying tax liability is not properly part of the appeal, the taxpayer may challenge the determination for abuse of discretion. H.R. Conf. Rep. No. 105–599, at 266 (1998); *Rennie*, 216 F.Supp.2d at 1080;

*Goza v. Comm'r of Internal Revenue*, 114 T.C. 176, 181–182, 2000 WL 283864 (2000) (concluding that a court must review the IRS officer's determinations using an abuse of discretion standard when the validity of the tax liability itself is not at issue); *MRCA Info. Servs. v. United States*, 145 F.Supp.2d 194, 199 (D.Conn. 2000).

The United States alleges that Tornichio did not challenge the underlying tax liability at the CDP hearing. Therefore, it argues that the abuse of discretion standard applies.

■ The record, however, refutes these claims. First, Tornichio notified the IRS when he requested the CDP hearing that he was challenging the underlying tax liability. Then, he also disputed the underlying liability at the CDP hearing. The IRS officer refused to hear the challenge because he said that Tornichio had received the statutory notice of deficiency. The United States, however, admits that Tornichio did not receive the statutory notice of deficiency. Under § 6330(c)(2), one may only raise challenges to the underlying tax liability if he did not receive "any statutory notice of deficiency." Accordingly, the validity of the tax liability is properly part of the appeal and the appropriate standard of review is *de novo*.

#### b. Application of *De Novo* Standard

Having determined that the appropriate standard of review is *de novo*, the Court now applies it to Tornichio's claim that the CDP hearing violated the law. He bases this claim on four grounds. First, he says that the appeals officer did not "produce and present to Plaintiff the 'verification from the Secretary' as required by Section 6330(c)." As part of this argument, he further claims that the IRS did not " 'prior to issuance of the determination' at issue, send Plaintiff the 'verification from the

IRS office collecting the tax that the requirements of any applicable laws have been met,' as 'required' by Treasury Regulation 301.6330–1(e)."

Next, he alleges that the IRS officer did not produce or identify the four documents he says it was required to produce: 1) "any document signed by any Defendant employee that would have supported the imposition of the 'frivolous penalty' at issue"; 2) "any Delegation of Authority from the Secretary that authorized any Defendant employee to impose the 'frivolous penalty' at issue"; 3) a "Treasury Department regulation that authorized Defendant employees to impose the 'frivolous penalty' at issue or required Plaintiff to pay such a 'frivolous penalty'"; and 4) "any statute that established the 'existence . . . of the underlying liability' of the tax for which the 'frivolous penalty' had been imposed."

As a third ground, Tornichio asserts that the hearing was unlawful because the appeals officer refused to accept his proposed collection alternative that "he would immediately pay the 'frivolous penalty' if the appeals officer would merely cite and produce the statute that established the 'underlying liability' for the tax." He further says that although the IRS officer had the I.R.C. in front of him, he refused to point out where the law establishes an income tax "liability."

Finally, Tornichio argues that the hearing was invalid because the IRS did not produce the "documented proof that the Secretary authorized the instant collection action and that the Attorney General or his delegate 'directed' that this collection action be commenced."

For the reasons discussed below, these allegations fail to state a claim upon which the Court can grant relief. The Court now examines each argument in turn.

### Verification From the Secretary and the IRS Office

Tornichio argues that the CDP hearing was unlawful because the IRS officer did not present the verification from the Secretary as he says was required by § 6330(c). He further alleges that the officer unlawfully failed to send Tornichio verification from the IRS office.

■ The Court disagrees. Section 6330(c)(1) only requires that the IRS officer "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Section 301.6330–1(e) requires the officer to "obtain verification from the IRS office collecting the tax that the requirements of any applicable law or administrative procedure have been met." Nothing in either the statute or the regulation requires that the officer send or provide the verification to the taxpayer. *Rennie,* 216 F.Supp.2d at 1080; *Nestor v. Comm'r,* 2002 WL 236682 (U.S.Tax Ct.2002).

### Failure to Produce Documents

Tornichio also contends the CDP hearing was invalid because the IRS officer did not produce or identify the following four documents: 1) "any document signed by any Defendant employee that would have supported the imposition of the 'frivolous penalty' at issue"; 2) "any Delegation of Authority from the Secretary that authorized any Defendant employee to impose the 'frivolous penalty' at issue"; 3) a "Treasury Department regulation that authorized Defendant employees to impose the 'frivolous penalty' at issue or required Plaintiff to pay such a 'frivolous penalty'"; and 4) "any statute that established the 'existence . . . of the underlying liability' of the tax for which the 'frivolous penalty' had been imposed."

■ Again the Court disagrees. The law does not require the IRS to produce any of these documents or information before imposing a levy or in connection with a CDP hearing. First, courts have rejected argument that the IRS must produce evidence of delegated authority, stating:

Relevant statutes and regulations demonstrate ... that the Secretary does have the power to collect taxes, and that such power can be delegated to local IRS agents.26 U.S.C. § 6301 provides that '[t]he Secretary shall collect the taxes imposed by the internal revenue laws.' The actual task of collecting taxes, however, has been delegated to local IRS directors. 'The taxes imposed by the internal revenue laws shall be collected by district directors of internal revenue.' 26 C.F.R. § 301.6301–1. District directors in turn are authorized to redelegate the levy power to lower level officials such as collection officers. *See* IRS Delegation Order 191. The delegation of authority down the chain of command, from the Secretary, to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees. *See* 36 C.F.R. § 301.7701–9.

*Rennie,* 216 F.Supp.2d at 1082 (quoting *Hughes v. United States,* 953 F.2d 531, 536 (9th Cir.1992)).

Further, the I.R.C. does not require that the IRS publish the internal delegations of administrative authority to enforce the Internal Revenue laws. *Hughes,* 953 F.2d at 539; *Rennie,* 216 F.Supp.2d at 1082; *Lonsdale v. United States,* 919 F.2d 1440, 1446 (10th Cir.1990). Additionally, as to Tornichio's claim that the IRS officer did not produce any document supporting the

imposition of the frivolous penalty, 26 U.S.C. § 6702 provides for a $500 civil penalty for a frivolous income tax return if:

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws.

Here, the record shows that Tornichio filed income tax returns for tax years 1996, 1997, and 1998 that reported his income as "zero." Along with reporting his income as "zero," he made tax protester arguments. Tornichio's return is unquestionably a "purported return" within the meaning of Section 6702. *See Fuller v. United States,* 786 F.2d 1437, 1438–1439 (9th Cir.1986); *see also Hudson v. United States,* 766 F.2d 1288 (9th Cir.1985). Further, the positions raised in his returns are frivolous within the meaning of Section 6702. For example, his assertions that the I.R.C. does not define "income" and that people can only derive income from corporate activity lack merit. 26 U.S.C. § 61(a) defines gross income as "all income from whatever source derived...."

Courts have also consistently found identical arguments to the ones here to be frivolous.[1] *See, e.g., Tornichio v. United States,* 1998 WL 381304 (N.D.Ohio 1998),

---

**1.** The Court notes that Tornichio was a plaintiff in one of the cases, *Tornichio v. United States,* 1998 WL 381304 (N.D.Ohio 1998).

*aff'd,* 1999 WL 191340, 173 F.3d 856 (6th Cir.1999); *Gavigan v. United States,* 2000 WL 33187163 (D.Conn.2000); *Townsend v. United States,* 2000 WL 1616081 (W.D.Mich.2000); *Perl v. United States,* 1999 WL 1022186 (D.Mass.1999); *Dose v. United States,* 1986 WL 147 (N.D.Iowa 1986); *In re Bertelt,* 184 B.R. 603 (Bkrtcy. M.D.Fla.1995); *Ghalardi Income Tax Educ. Found. v. Comm'r,* 1998 WL 906755 (U.S.Tax Ct.1998); *Zyglis v. Comm'r,* 1993 WL 289265 (U.S.Tax Ct.1993).

Finally, the allegation that the appeals officer erred because he "did not identify or produce a Treasury Department regulation that authorized Defendant employees to impose the 'frivolous penalty' at issue or required Plaintiff to pay such a 'frivolous penalty' " is also without merit. *See Hudson,* 766 F.2d at 1291; *Gass v. United States,* 2000 WL 1204575 (D.Colo.2000).

### Refusal to Accept Proposed Collection Alternative

Tornichio also asserts that the hearing violated the law because the IRS officer refused to accept his proposed collection alternative that "he would immediately pay the 'frivolous penalty' if the appeals officer would merely cite and produce the statute that established the 'underlying liability' for the tax."

This allegation does not state a claim. The purpose of sections 6330(c)(2)(A) and 6330(c)(3)(C) is to allow the taxpayer to propose a method of payment that resolves the underlying tax liability by means other than a tax lien by a levy. Tornichio's allegations do not propose an "alternative" to collection by levy. Instead they propose a condition to payment of the underlying liability.

### No Proof that Attorney General Directed the Collection Action

Finally, Tornichio says that the hearing was invalid because the IRS did not produce the "documented proof that the Secretary authorized the instant collection action and that the Attorney General or his delegate 'directed' that this collection action be commenced."

This argument fails. The I.R.C. does not require publication of internal delegations of administrative authority to enforce the Internal Revenue laws. *Hughes,* 953 F.2d at 531; *Lonsdale,* 919 F.2d at 1446.

### 2. Subject Matter Jurisdiction Over Damage Claims

Besides contending that Tornichio's allegations about the IRS's notice of determination fail to state a claim upon which the Court can grant relief, the United States also argues that the Court lacks subject matter jurisdiction over Tornichio's damage claims. Specifically, it asserts that the United States has not waived its sovereign immunity.

### a. § 7433 Damage Claim

■ Although Tornichio cites no legal authority for his damage claim, section 7433 of the I.R.C. provides for taxpayer suits seeking damages against the United States where, "in connection with any collection of federal tax with respect to a taxpayer, any officer or employee of the IRS recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title ..." 26 U.S.C. § 7433. The scope of 7433 is limited to unauthorized collection actions and does not extend to determinations of liability. H.R. Conf. Rep. No. 1104 at 229, 1988–3 C.B. at 719.

■ However, section 7433 only provides limited waiver of sovereign immunity. Specifically, the United States has not waived its sovereign immunity unless the taxpayer exhausts available administrative remedies; the failure to exhaust available administrative remedies is a jurisdictional bar to suits under § 7433. *Venen v. Unit-*

*ed States,* 38 F.3d 100, 103 (3d Cir.1994); *Conforte v. United States,* 979 F.2d 1375, 1377 (9th Cir.1992).

■ Here, Tornichio makes no showing that he exhausted his administrative remedies regarding the alleged collection damages. Therefore, this failure to exhaust remedies jurisdictionally bars his suit. Further, his complaint does not allege any collection activity. A notice of intent to levy is not a collection action. Instead, it is a predicate to collection action. Therefore, the Court lacks subject matter jurisdiction over Tornichio's § 7433 damage claim.

### b. Compensatory Damage Claim

■ Tornichio also seeks compensatory damages from the United States. Federal courts have jurisdiction pursuant to 28 U.S.C. § 1346(b) over "civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945." 28 U.S.C. § 1346(b). Further, to bring a tort action against the government, the plaintiff must first establish that the government has waived sovereign immunity. *See Lundstrum v. Lyng,* 954 F.2d 1142, 1145 (6th Cir.1991) *(per curiam )* (citations omitted). The Federal Torts Claims Act ("FTCA") is the exclusive waiver of sovereign immunity for tort actions against the United States, its agencies, and its employees acting within the scope of their employment. *See* 28 U.S.C. § 2679. *See also Arbour v. Jenkins,* 903 F.2d 416, 419 (6th Cir.1990).

But the government has waived its sovereign immunity to suits under the Act only insofar as the plaintiff has exhausted his administrative remedies. 28 U.S.C. § 2675(a); *Lundstrum,* 954 F.2d at 1145 ("A prerequisite to suit under the [Act] . . . is the exhaustion by the plaintiff of administrative remedies."). Section 2675(a) provides that an "action shall not be instituted upon a claim against the United States for

money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

■ The filing of an administrative claim is jurisdictional and is an absolute, non-waivable prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee. *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Conn v. United States,* 867 F.2d 916 (6th Cir.1989).

Tornichio has not filed administrative tort claims against the United States. Therefore, he does not satisfy the jurisdictional prerequisite of the FTCA. Accordingly, the Court has no jurisdiction over Tornichio's compensatory damage claims against the United States. Therefore, the Court grants the United States' motion to dismiss the damage claims against it.

■ Assuming *arguendo* that Tornichio had exhausted his administrative remedies, the Court still lacks jurisdiction over his compensatory damage claims because the FTCA expressly excepts tax claims. Specifically, § 2680(c) states: "The provisions of this chapter shall not apply to . . . (c) Any claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c).

In sum, Tornichio failed to exhaust administrative remedies for both his § 7433 and compensatory damage claims against the United States. Accordingly, the United States has not waived its sovereign immunity and the Court lacks subject matter jurisdiction over the damage claims against the United States.

### 3. No Opportunity for Discovery

As a final argument against the United States' motion to dismiss, Tornichio says that the Court should deny the motion

because he has not received an opportunity for discovery. Tornichio has requested admissions, interrogatories, and production of documents from the United States. He sets forth no adequate explanation, however, of how additional discovery can rebut the record or case law before the Court. Further, the Court concludes that Tornichio's complaint about the invalidity of the IRS determination fails to state a claim upon which the Court can grant relief. It also finds that the Court lacks subject matter jurisdiction over the damage claims. Therefore, as a matter of law, Tornichio cannot make out a claim, irrespective of any discovery he achieves.

### III. Conclusion

For the reasons discussed above, the Court grants the United States' motion to dismiss the complaint against it and affirm the determination of the IRS Appeals Office. Accordingly, the Court dismisses Plaintiff Tornichio's complaint against the United States and affirms the IRS's determination that Tornichio is liable for filing frivolous tax returns.

IT IS SO ORDERED.