Gordon Andrew DOUGLAS,
Petitioner–Appellant,

v.

S. CAMBRA, Respondent–Appellee.

No. 00–56747.

D.C. No. CV–97–00775–FCD.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002 *.

Decided March 19, 2002.

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM **

Gordon Andrew Douglas, a California state prisoner serving a sentence of thirty-three years to life, appeals the denial of his 28 U.S.C. § 2254 petition challenging his conviction for felony murder and arson in violation of California Penal Code §§ 187 and 451. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Douglas first contends that the district court erred by denying his § 2254 petition as procedurally barred by the California Supreme court's reference to *In re Swain,* 34 Cal.2d 300, 304, 209 P.2d 793 (1949) and *In re Robbins,* 18 Cal.4th 770, 780, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998) in the opinion denying his state habeas petition. This contention is foreclosed by our decision in *Bennett v. Mueller,* 273 F.3d 895,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Douglas' request for oral argument.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

901 (9th Cir.2001) (concluding that post-*Robbins* denial of state habeas petition by California state court constitutes independent and adequate state procedural bar to federal review).

■ This leaves only two exhausted claims. First, Douglas contends that he was denied due process when the trial proceeded after the state's key witness improperly testified that he had passed a lie detector test. We find this contention unpersuasive. The district court agreed with the trial court that a mistrial was unnecessary because there was no "overwhelming probability" that the jury would be unable to follow instructions to disregard the objectionable testimony. *See United States v. Kallin*, 50 F.3d 689, 694 (9th Cir.1995) (citing *Greer v. Miller*, 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (finding no due process violation where curative instruction followed single question and immediate objection, and another curative instruction preceded jury deliberations)). The district court further agreed with the trial court's conclusion that the testimony was harmless in light of the evidence against Douglas. The district court properly determined that the trial court's findings were neither contrary to nor involved an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1); *see Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.2000).

■ Douglas next contends his trial counsel was ineffective because he failed to provide Douglas with all evidence relevant to his decision to accept or reject a plea offer. We find this contention equally without merit. It was neither contrary to nor involved an unreasonable application of clearly established federal law for the trial court to reject this claim, where Douglas's trial attorney kept him informed of the substance of discovery, Douglas did not explain what information he did not have that would have influenced the plea negotiations, and where he did not unequivocally state that he would have otherwise accepted the offer. *See Van Tran*, 212 F.3d at 1149; *James v. Borg*, 24 F.3d 20, 26 (9th Cir.1994) (stating that conclusory allegations not supported by statement of specific facts do not warrant habeas relief).

AFFIRMED.