**Gordon Andrew DOUGLAS, Petitioner—Appellant,**

v.

**S. CAMBRA, Respondent—Appellee.**

No. 00–56747.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Argued and Submitted June 7, 2004.*

Decided June 22, 2004.

Allison Claire, Esq., Quin Denvier, Sacramento, CA, for Petitioner–Appellant.

Thomas Y. Shigemoto, Daniel Bernstein, Esq., Sacramento, CA, for Respondent–Appellee.

Before: T.G. NELSON, TASHIMA and FISHER, Circuit Judges.

ORDER and MEMORANDUM **

Gordon Douglas moves to vacate our prior decision holding several of his habeas claims procedurally defaulted under California law.[1] *See Douglas v. Cambra,* 40 Fed.Appx. 356 (9th Cir.2002). In our prior decision, we relied on *Bennett v. Mueller,* 273 F.3d 895, 899–901 (9th Cir. 2002), to affirm the district court's procedural default finding. We have subsequently withdrawn and substantially amended the *Bennett* decision. *Bennett v. Mueller,* 322 F.3d 573 (9th Cir.2003). Although the Magistrate Judge who issued

---

* Appellee's motion to submit this case without oral argument, filed April 29, 2004 is DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the facts and procedural history of this case are known to the parties, we do not recite them here.

findings and recommendations on Douglas' petition correctly anticipated much of our reasoning in the amended version of *Bennett*, we conclude that Douglas did not have sufficient notice or opportunity to prepare arguments regarding the adequacy of state procedural rules under the "new standard" described in that opinion. *See id.* at 586 ("Because neither the district court nor the *parties* could have anticipated this new standard, we remand for a fresh determination of the adequacy of the state ground in accordance with the rule we adopt today.") (emphasis added).

We therefore vacate our prior decision decided March 11, 2002 insofar as it concerns procedural default. We reverse the district court's finding that certain of Douglas' claims were procedurally defaulted, and remand the case to the district court so that it may consider arguments consistent with *Bennett* about the adequacy of California's timeliness rule for non-capital habeas petitions.

 Douglas has also presented two claims that have been properly exhausted regardless of how the procedural default issue is resolved: that he was denied due process when the trial proceeded after the state's key witness improperly testified that he had passed a lie detector test, and that his trial counsel was ineffective because he failed to provide Douglas with all evidence relevant to his decision to accept or reject a plea offer. For the reasons stated in our decision of March 11, 2002, we affirm the district court's denial of habeas relief insofar as it was based on these two claims.

No costs allowed.

**Prior decision VACATED in part; District Court AFFIRMED in part, REVERSED in part; case REMANDED.**

