T.C. Summary Opinion 2004-166

UNITED STATES TAX COURT

DINA DESALVO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22361-03S.          Filed December 6, 2004.

Dina DeSalvo, pro se.

<u>Marie Small</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Code Section 6320(c) or 6330(d). This case was set for trial at the New York, New York Trial Session beginning on May 24, 2004. However, on April 9, 2004, respondent filed a Motion for Summary Judgment under Rule 121, together with exhibits. Petitioner did not file an objection to respondent's motion, even though the Court permitted her to do so. A hearing on the motion was held in New York, New York. Both respondent and petitioner appeared and were heard.

## Background

Petitioner filed Federal income tax returns for taxable years 1993, 1994, and 2000. With respect to taxable years 1993 and 1994, respondent conducted an examination of petitioner's returns. Respondent and petitioner reached a settlement for each of these years which resulted in deficiencies. On April 15, 1996, and November 29, 1996, petitioner executed Forms 870, Waiver of Restriction on Assessment and Collection of Deficiency of Tax, for taxable years 1993 and 1994, respectively. Respondent assessed the 1993 and 1994 tax deficiencies and interest on June 17, 1996, and February 3, 1997, respectively. With respect to taxable year 2000, petitioner failed to pay all of the liability reported on her return as due. Accordingly,

respondent assessed the unpaid liability, interest, and an addition to tax for failure to pay tax under section 6651(a)(2).

On or about August 18, 1997, petitioner entered into an installment payment agreement which included the years 1993 and 1994. The terms of the agreement required petitioner to comply with future filing requirements, to pay all tax liabilities, and to submit to future review to determine whether petitioner's financial circumstances warranted a change in payment terms. Petitioner was subsequently asked to provide updated financial information, but failed to do so. Petitioner's failure to pay her 2000 tax liability, as well as her violation of the above provisions requiring the submission of updated financial information upon request, caused petitioner to be in default of her installment agreement.

Respondent sent to petitioner's last known address a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under Section 6320 (lien notice), dated March 4, 2003, advising petitioner that a notice of Federal tax lien had been filed with respect to her unpaid liabilities for taxable years 1993, 1994, and 2000, and that petitioner could receive a hearing with respondent's Office of Appeals.

On March 24, 2003, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing for taxable years

1993 and 1994. On March 31, 2003, petitioner timely filed a second Form 12153 for taxable years 1993, 1994, and 2000.

On May 22, 2003, a telephone conference was held between petitioner and a settlement officer at respondent's Office of Appeals. In a letter dated May 23, 2003, the settlement officer confirmed the above telephone conversation and petitioner's request to handle her case and conduct her hearing by telephone and correspondence due to her health.

After the telephone conference, the settlement officer requested additional financial information from petitioner and provided her with a copy of MFTRA-X Transcripts for petitioner's tax liabilities for taxable years 1993, 1994, and 2000. In a letter dated July 30, 2003, the settlement officer notified petitioner that, based on the information provided by petitioner, he could not recommend acceptance of petitioner's offer in compromise, and he provided his specific reasoning.

On December 4, 2003, respondent's Office of Appeals issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Code Section 6230(c) or 6330(d).

<u>Discussion</u>

I. <u>General Rules</u>

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment is

appropriate when "the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

II.  <u>Contention of the Parties</u>

Petitioner contends that she is not liable for the deficiencies and that summary judgment is inappropriate because: (1) She never received the lien notice; (2) the "penalty for at least three years should * * * be removed"[1] because she has been requesting a hearing on such "penalties" for 3 years; and (3) her offer in compromise was inappropriately denied.

Respondent contends that summary judgment is appropriate because:  (1) Even if petitioner did not receive the lien notice,

---

[1]Petitioner refers to a penalty for all 3 years; however, the record reflects that there are no penalties assessed for the taxable years 1993 and 1994; only an addition to tax was assessed for 2000.

she timely submitted a Form 12153, she was given a Collection Due Process Hearing to satisfy the requirements under section 6320 and section 6330, and the validity and priority of the Government's lien is not conditioned on notification to the taxpayer under the law; (2) petitioner's argument in her petition to the Tax Court, that the "penalty for at least three years should also be removed", was not raised in petitioner's Request for a Collection Due Process Hearing or during the hearing itself, and it cannot be raised for the first time in this Court; and (3) the settlement officer's rejection of petitioner's offer in compromise was not raised in her petition to this Court, and is therefore deemed conceded under Rule 331(b)(4).

## III.  Receipt of Lien Notice

Respondent first argues that even if petitioner did not receive the lien notice, she timely submitted a Form 12153, she was given a Collection Due Process Hearing to satisfy the requirements under section 6320 and section 6330, and the validity and priority of the Government's lien is not conditioned on notification to the taxpayer under the law.

Section 6321 imposes a lien in favor of the United States upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability after demand for payment.  Within 5 business days after filing notice of a lien pursuant to section 6323, the Secretary must notify the taxpayer

of her right to a fair hearing before an impartial Appeals officer, generally to be conducted in accordance with the procedures described in section 6330(c), (d), and (e).  Sec. 6320.

Before proceeding with a lien, the Secretary must meet several notice requirements.  Section 6320(a)(1) provides that the Secretary shall notify in writing the taxpayer described in section 6321 of the filing of a notice of lien under section 6323.  Section 6320(a)(2) specifies that such notice be:  (1) Given in person; (2) left at the taxpayer's dwelling or usual place of business; or (3) sent by certified or registered mail to the taxpayer's last known address.  Further, such notice must be furnished not more than 5 business days after the day of the filing of the notice of lien.  See id.

Section 301.6320-1, Proced. & Admin. Regs., addresses the consequences of a taxpayer's not receiving or accepting a Collection Due Process Notice (CDP Notice) that is properly sent by certified mail to the taxpayer's last known address.  Section 301.6320-1(a)(2), Q&A-11, Proced. & Admin. Regs., provides:

> A CDP Notice properly sent by certified or registered mail to the taxpayer's last known address * * * is sufficient to start the 30-day period, commencing the day after the end of the five business day notification period, within which the taxpayer may request a CDP hearing.  Actual receipt is not a prerequisite to the validity of the CDP Notice.

The record reflects that respondent sent by certified mail to petitioner's last known address a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under Section 6320, dated March 4, 2003.  Although petitioner timely submitted a Form 12153 with respect to taxable years 1993, 1994, and 2000, petitioner contends that she never received the aforementioned notice and only became aware of the lien when she went to her bank to secure a mortgage.  This Court finds that the evidence in the record demonstrates that petitioner received the notice and was aware of the lien.  Petitioner received a hearing based on her right under sections 6320 and 6330.  Even assuming that petitioner did not receive the notice, the record is sufficient to show that respondent met all of the section 6320 prerequisites with respect to petitioner's 1993, 1994, and 2000 tax years.  There is no genuine issue of material fact, and this Court holds for respondent as a matter of law.

IV.  Underlying Tax Liability

Respondent also contends that petitioner's argument that the "penalty for at least three years should also be removed" was not raised in petitioner's Request for a Collection Due Process Hearing or during the hearing itself, and therefore cannot be raised for the first time in this Court.

Section 6330(c) addresses the matters to be considered at a section 6320 hearing:

SEC. 6330(c). Matters Considered at Hearing.--In the case of any hearing conducted under this section-

(1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

(2) Issues at hearing.--

(A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once an Appeals officer has issued a determination regarding the disputed collection action, the taxpayer may seek judicial review of the determination. Sec. 6330(d)(1).

Under section 6330(c)(2)(B), a taxpayer may contest an underlying deficiency only if he did not have an opportunity to seek a redetermination before assessment. See, e.g., Landry v. Commissioner, 116 T.C. 60, 62 (2001).

Giving petitioner the benefit of the doubt, this Court finds that petitioner's argument in her petition calls into question the issue of her underlying liability for the deficiencies assessed as to taxable years 1993 and 1994.  However, the record shows that both parties agreed to the deficiencies and petitioner executed a Form 870, Waiver of Restriction on Assessment and Collection of Deficiency of Tax, for taxable years 1993 and 1994.  Therefore, by signing the Form 870, petitioner consented to the assessment and collection of the deficiencies and interest for 1993 and 1994 and waived the opportunity to petition the Court to redetermine the deficiencies.  Aquirre v. Commissioner, 117 T.C. 324 (2001); Rivera v. Commissioner, T.C. Memo. 2003-35, affd. 102 Fed. Appx. 595 (9th Cir. 2004).

Petitioner failed to pay the amount of tax shown on her 2000 Federal income tax return.  Once again, giving petitioner the benefit of the doubt, this Court finds that petitioner's argument in her petition calls into question the issue of her underlying liability for the unpaid amount and addition to tax for the taxable year 2000.  As discussed above, under section 6330(c), the validity of the underlying tax liability may be raised at the CDP hearing only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B); see Tornichio v. United States, 263 F. Supp. 2d

1090, 1095 (N.D. Ohio 2002); Loofbourrow v. Commissioner, 208 F. Supp. 2d 698, 706 (S.D. Tex. 2002). "A 'notice of deficiency' is only required in situations where there is a deficiency * * * and not in situations where, as here, a taxpayer fails to pay the amount of tax shown on the returns." Jones v. Commissioner, 338 F.3d 463, 466 (5th Cir. 2003); accord Perez v. United States, 312 F.3d 191, 196-197 (5th Cir. 2002). Where a taxpayer receives notice of a tax liability and has been afforded an opportunity to dispute such tax liability at the administrative level, he may not subsequently raise a judicial challenge to the underlying liability pursuant to section 6330(d)(1). See Van Fossen v. Commissioner, 4 Fed. Appx. 526 (9th Cir. 2001), affg. T.C. Memo. 2000-163. "An opportunity to dispute a liability includes a prior opportunity for a conference with Appeals that was offered either before or after the assessment of the liability." Sec. 301.6330-1(e)(3), A-E2, Proced. & Admin. Regs.

In the present case, petitioner did not raise the issue of her underlying liability as to the taxable year 2000 at her CDP hearing and did not dispute such underlying liability with the settlement officer. Therefore, petitioner's underlying liability as to the taxable year 2000 was not addressed in respondent's notice of determination and is not reviewable in her present judicial challenge to this Court.

As to petitioner's argument that the lien on her account should be removed because "penalty for at least three years should also be removed", this Court finds that there is no genuine issue of material fact, and we hold for respondent as a matter of law.

## V. Offer in Compromise

Respondent further contends that the settlement officer's rejection of petitioner's offer in compromise was not raised in petitioner's petition to this Court and is therefore deemed conceded under Rule 331(b)(4).

Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination, and that any issue not raised in the assignments of error shall be deemed conceded. See Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001); Goza v. Commissioner, 114 T.C. 176, 183 (2000). Accordingly, this Court concludes that petitioner has conceded the determination of the settlement officer that her offer in compromise was unacceptable.

However, even if petitioner had raised this issue in her petition to this Court, on the basis of the record we conclude that summary judgment is appropriate.

Under an abuse of discretion standard, "we do not interfere unless the Commissioner's determination is arbitrary, capricious,

clearly unlawful, or without sound basis in fact or law." Ewing
v. Commissioner, 122 T.C. 32, 39 (2004); see also Woodral v.
Commissioner, 112 T.C. 19, 23 (1999). Review for abuse of
discretion includes "any relevant issue relating to the unpaid
tax or the proposed levy", including "challenges to the
appropriateness of collection actions" and "offers of collection
alternatives" such as offers in compromise. Sec. 6330(c)(2)(A).
Questions about the appropriateness of the collection action
include whether it is proper for the Commissioner to proceed with
the collection action as determined in the notice of
determination, and whether the type and/or method of collection
chosen by the Commissioner is appropriate. See, e.g., Swanson v.
Commissioner, 121 T.C. 111, 119 (2003).

As previously noted, offers in compromise are a specifically
mentioned collection alternative, and they are therefore reviewed
under an abuse of discretion standard. Sec. 6330(c)(2)(A)(iii).
Additionally, whether respondent may proceed with collection of
petitioner's unpaid liabilities is a challenge to the
appropriateness of collection. See sec. 6330(c)(2)(A)(ii);
Swanson v. Commissioner, supra.

Therefore, had petitioner raised the issue of the rejection
of her offer in compromise in her petition to this Court, we
would still hold summary judgment to be appropriate because there

is no genuine issue of material fact within the record that would show the settlement officer abused his discretionary power.

Due to the above reasoning, this Court finds that there is no genuine issue of material fact in the present case, and we hold for the respondent as a matter of law. Respondent's Motion for Summary Judgment is granted.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>An appropriate order and decision will be entered granting respondent's Motion for Summary Judgment</u>.